THE CITY OF LEXINGTON, Plaintiff in Error, v. AULL, Defendant in Error.

1. The City of Lexington was authorized by its charter " to levy and collect taxes upon real and personal property within the city, not exceeding," &c. (Sess. Acts, 1845, p. 161.) The Farmers' Bank of Missouri was incorporated by an act of the general assembly approved March 2, 1857, and established in the city of Lexington. (Sess. Acts, 1857, p. 34.) By the thirty-second section of said act it was provided as follows : " In consideration of the privileges granted by this act to the banks incorporated in this state, each banking company agrees to pay to the state annually one per cent. on the amount of the capital stock paid in by the stockholders other than the state, which shall be in full of all bonus and taxes to be paid to the state by the respective banks." By ordinance shares of stock in incorporated com-

panies (excepting manufacturing companies) were subjected to taxation for city purposes. It was further provided that persons owning shares of stock that were taxable were not required to deliver to the assessor a list thereof, but the president, or other chief officer, of such corporation was required to deliver to the assessor a list of all shares of stock held therein, and the names of the persons holding the same. For a violation of this provision on the part of such officer by a failure to hand in such a list, the ordinance attached a penalty of one thousand dollars. *Held,* that the Farmers' Bank of Missouri was subject and liable to the tax thus imposed; that the penalty imposed upon the president for a refusal to hand in the required list to the assessor was legal and valid.

## *Error to Lafayette Circuit Court.*

The fifth, sixth and nineteenth sections of a revenue ordinance of the city of Lexington approved May 13, 1858, are as follows: " Sec. 5. Persons owning shares of stock in incorporated companies, taxable by law, are not required to deliver to the assessor a list thereof; but the president, or other chief officer of such corporation, shall deliver to the assessor a list of all shares of stock held therein, and the names of the persons who hold the same. Sec. 6. If the president, or other chief officer of such corporation, fail to comply with the provisions of the fifth section of this article, he shall forfeit to the mayor, councilmen and citizens of the City of Lexington the sum of one thousand dollars, to be recovered as other fines and forfeitures." By another section the following property was subjected to taxation: " Ninth. Shares of stock in incorporated companies, except manufacturing companies, (the property of which alone shall be taxed)."

It is for a violation of the fifth section above set forth that this action is brought.

The cause was tried by the court without a jury. The court refused to give the following declarations of law asked in behalf of plaintiffs: " 1. Under the charter granted to plaintiffs by the general assembly of Missouri, power and authority are given to plaintiffs to pass the ordinances read to the court in evidence in this case by plaintiffs, and plaintiffs had the power and authority, under their said charter,

City of Lexington v. Aull.

to pass an ordinance imposing the duty on the defendant to give in for assessment and taxation the number of shares the stockholders have in said Farmers' Bank, in said city of Lexington; and said ordinance and ordinances in reference to the subject matter of this suit, passed by said plaintiffs, are of force and authority, and not null and void. 2. The plaintiffs had under their charter legal authority and power to impose a fine on defendant for his failure to give in a list of stockholders in said bank; and plaintiffs have authority and right, under the law of the land, to impose a tax for city purposes on the shares the stockholders hold in said bank. 3. From the facts in proof before the court the plaintiffs have a right to recover."

The court gave the following declarations of law asked by , defendant : " 1. The ordinance of plaintiff given in evidence, imposing the duty on the defendant to give in the number of shares the stockholders have in said bank to the assessor for the plaintiff, to be taxed for the benefit of plaintiff, is and' was null and void. 2. The plaintiff had no legal authority to impose a fine on the defendant for his failure to give in a list of stockholders in said bank; and the said city have no authority in law to impose a tax for city purposes on the shares the stockholders held in said bank."

The court gave judgment for defendant.

*Ryland & Son*, for plaintiff in error.

I. Shares in bank stock may, under the charter of the city of Lexington, by proper ordinance, be assessed and become liable to pay taxes for city purposes. , Such shares are property. The words " personal property" include money, goods, chattels, things in action, and evidence of debt. The word " property" includes real and personal property. (R. C. 1855, p. 1027.) The city had the right to levy the tax on the shares of bank stock for the support of the city government, the payment of the city debt, and for the improvement of the city. The power to impose the tax includes the power to pass such ordinances as, in the wisdom of the mayor

and board of councilmen, will best carry out the objects of the grant. The fifth section of the revenue ordinance, which requires the president, or other chief officer of the company, to deliver to the assessor a list of the shares of stock and the names of persons holding the same, is within the powers granted. Otherwise the shares might escape taxation, or the shares of some holders might be taxed and others not, thereby rendering such tax unequal as to the stockholders. This section is almost a literal transcript of the thirtieth section of the revenue law of the state. (R. C. 1855, p. 1331.) The city having the power to tax, had, as incident to this power, the authority to pass such ordinances as would make the exercise of the power efficient. Sections five and six are legitimate exercises of this power. The power given to the city to levy and collect taxes on real and personal property is not limited to such real and personal property on which the state levies and collects taxes for state purposes; but the power is general on real and personal property "not hereinafter excepted." The exceptions do not embrace shares of stock in banking or other incorporated companies. The "Farmers' Bank of Missouri" is not exempt from the payment of taxes. The bank agreed to pay to the state, for the privileges conferred on it; annually, one per cent. on the amount of the capital stock paid by the stockholders other than the state, which shall be in full of all bonus and taxes to be paid to the state. (Sess. Acts, 1857, p. ——, § 32; 5 Gill, 231; Angell & Ames on Corp. 102, 244, 276, 283; 4 Pet. 152; 8 W. & S. 334; 6 Barr, 70; 4 Metc. 568; 3 How. 133; 15 Johns. 44; 5 Blackf. 250; 5 Gilm. 48; 1 B. Mon. 14; 9 Paige, 470; 2 Hill, 265; 4 Wheat. 411; 6 Humph. 515; 3 Gratt. 215; 10 Mo. 561; 24 Mo. 94; 3 Barn. & Ald. 12; 14 Ala. 402; 3 Zabr. 510; 6 Pet. 736.)

*Hicks*, for defendant in error.

I. The charter incorporating plaintiffs and authorizing them to levy and collect a tax for city purposes, does not authorize plaintiffs to levy a tax on shares of stock owned by

persons in the Farmers' Bank located in said city of Lexington. The eleventh section of the act incorporating plaintiffs confers no such power. The words " to tax real and personal property" are the operative words in the act, and choses in action, bank stock, &c., are not and were not intended to be included by the words " real and personal property." The powers granted to corporations are to be strictly construed, and they have no rights except such as are specially granted, and those that are necessary to carry into effect the powers so granted. (15 Johns. 382; 15 Johns. 558.) The plaintiffs had no authority by their charter to impose the penalty on the defendant for failing to give in a list of the stockholders and the shares owned by them in said bank. This power, if to be found anywhere, is in the eleventh section of the act above referred to, and provides that plaintiffs may from time to time " pass such ordinances to carry into effect the objects and the powers hereby granted as the welfare of the inhabitants may require, and to impose and appropriate fines, penalties and forfeitures for the breach of any ordinance, and provide for the collection and execution thereof;" and an inspection of the grant of powers in the charter shows that the power in question is not one of them. See the whole of the eleventh section of the charter. Admit the state may, in its sovereign capacity, levy a tax of the kind, impose the duty on the president or chief officer to give in the amount of stock, impose a penalty for the refusal, yet the plaintiffs have no such power, unless derived from the charter, and it is not there found, and even the state has, by special enactments, thought proper to bring bank stock within the influence of taxation, and never yet supposed that under the words " personal and real estate" choses in action were included ; and the plaintiffs, though circumscribed in their charter to specific objects for taxation, attempt and affect the sovereign power. Again, the plaintiffs have no power to say the owners of shares of stock need not give them in to their assessor, but that another man shall, or pay such penalty as they denounce. Bank stock is not a thing in itself capable

of being taxed on account of its locality, and any tax imposed upon it must be in the nature of a tax upon incomes, and of necessity confined to the person of the owner, who, if he be a nonresident, is beyond the jurisdiction of the state and not subject to its laws. (Angel & Ames on Corp. p. 536, § 458; Union Bank of Tennessee v. The State, 9 Yerg. 490; Johnson v. Commonwealth, 7 Dana, 338.)

SCOTT, Judge, delivered the opinion of the court.

This was an action by the City of Lexington, in its corporate capacity, to recover from the defendant, Aull, president of the Farmers' Bank of Missouri, a penalty of one thousand dollars, imposed by ordinance of the city, for his refusal, in pursuance to said ordinance, to deliver to the assessor of said city a list of the shares of stock held in said bank, and the names of the persons who held the same, for the assessment thereof of said city's taxes. The taxes were due for the year commencing June 1, 1858. The suit was begun in the mayor's court, where there was a judgment for the city, from which the defendant appealed to the circuit court, in which the judgment of the mayor's court was reversed, upon which the city sued out this writ of error.

The Farmers' Bank of Missouri was incorporated during the winter of 1856–7, and was established in the city of Lexington. The act creating the several banks in the state, by the thirty-second section of the first article, provided that, " in consideration of the privileges granted by this act to the banks incorporated in this state, each banking company agrees to pay to the state annually, one per cent. on the amount of the capital stock paid in by the stockholders other than the state, which shall be in full of all bonus and taxes to be paid to the state by the respective banks."

The City of Lexington was incorporated by an act dated March 8, 1845. The eleventh section of the charter provided that the mayor and board of councilmen should have power, among other things, by ordinance, " to levy and collect taxes upon real and personal property within the city not exceed-

ing one-half of one per cent., under the assessed value thereof," with some exceptions, none of which affect this case. By an ordinance, dated May 13, 1858, the city, among other things, imposed a tax on shares of stock of incorporated companies, excepting manufacturing companies, the property of which alone was to be taxed.

The main question we shall examine in this case is, whether, under the foregoing state of facts, the City of Lexington could impose a tax on the shares of stock in the Farmers' Bank of Missouri.

The City of Lexington was incorporated with a power to lay and collect taxes on real and personal estate within her limits at the time of the incorporation of the Farmers' Bank of Missouri. There is no hardship in making those who reside or do business in incorporated towns or cities contribute to defray the expense incurred for their government, by which conveniences are afforded and a degree of protection furnished not enjoyed by those who are not members of a municipal body. These advantages are obtained by means of taxes imposed on the inhabitants of the town or city, and are over and above those possessed by the people of the state at large. The citizens of the state pay a tax for the support of the government which protects them. The inhabitants of a city, being also members of the state, pay the same tax for the same purpose : but being likewise members of a municipal body, which affords them advantages in addition to those possessed by the people at large, they, in order to enjoy those advantages, are compelled to pay a tax to which the state at large is not subject. Hence, under our system of government, there are what are called state taxes paid by all the members of the community, and corporate taxes paid by the inhabitants of a municipal body. We can not suppose that these considerations were overlooked by the general assembly in chartering the bank. In providing that for a consideration the bank should be exempt from taxes to be paid to the state, it could not have been intended to interfere with a matter with which the state had nothing to do. The pay-

ment of taxes to a city is a matter between the city and her inhabitants. If a town wants advantages not prejudicial to the rest of the state, and is willing to pay for them, it is no concern of the state. If we put a construction upon the charter which will exempt the bank from the city tax, we make the state guilty of the injustice of taking away that tax from those to whom it rightly belongs. If what the state receives is in full of all taxes, state and city, would she not have made some provision by which a proportional part of the bonus she exacts should be paid to the city? With what justice could the state go into a city and take a bonus from a portion of the citizens, to be paid into her own treasury, in consideration that they should be exempt from the city taxes? How unjust would this be to the city? We can not suppose that the legislature intended such an act. It would in effect be taxing the city for the benefit of the state; for by exempting some, the taxes of the others would be increased, and that, too, not for the advantage of the city, but for that of the state. The state surrenders her right of taxing the banks. The taxes she imposes are in consideration of the protection given by her. This protection is enjoyed by all, and all contribute the means of obtaining it. Now if, in addition to this protection, which is common to all, other advantages may be obtained in certain localities by means of taxation, and if the banks will do business in these localities, why should they not be made to contribute to defray the expenses incurred in obtaining the superior advantages which they share? Because the state has exempted them from the taxes to be paid to her for the advantages she confers, why should they be exempt from taxes for advantages conferred at the expense of others?

We do not think that there is any force in the objection that the city had no authority to pass the ordinance which required the president of the bank to deliver to the city assessor a list of the shares of stock held in the bank and the names of the owners thereof. The idea of such an ordinance

was suggested by the legislation of this state, as the ordinance, in its provisions, is very similar to the statute prescribing the mode of assessing taxes on the stock of incorporated companies. A more easy and effectual mode of assessing bank stock could hardly have been devised.

Reversed and remanded. The other judges concur.