The City of St. Joseph, Respondent, *v.* Hannibal and St. Joseph Railroad Company, Appellant.

*Revenue—Municipal Corporations—Railroad Corporations.*—The City of St. Joseph, by its charter (Sess. Acts, 1863–4, p. 431), had authority to levy and collect a tax upon the real property of the Hannibal and St. Joseph Railroad Company situate within the chartered limits of said city. The exemption from State and county taxation upon the stock of said company by its charter did not prevent the Legislature from repealing the exemption, or subjecting the corporation to further taxation. The subjecting the property of said company to taxation for municipal purposes was not a double taxation.

*Appeal from Buchanan Circuit Court.*

*Carr,* and *Hall & Oliver,* for appellant.

*H. M. & A. H. Vories,* for respondent.

The exemption in the charter from all State and county taxes does not exempt the property from city taxes when

the property is in the city limits; but on the contrary, by implication at least, leaves the city at liberty to tax the property of the railroad situate in her jurisdiction; and if the railroad company will have or own property in a city, which receives the protection of the police of the city, she must, like individuals, pay her proportion of the cost thereof —City of Lexington v. Aull, 30 Mo. 480; Shacklett v. Han. & St. Jo. R.R. Co., 30 Mo. 433.

The Legislature had a right and did authorize the City of St. Joseph to levy and collect taxes of and from railroad corporations in the same manner, and to the same extent, as from individuals, and further provided that no exemptions made by any law previously should operate against the authority thus given—Acts 1863-4, pp. 430-1 & 433.

The right to tax is incident to all governments, and its relinquishment is not to be inferred or to be deduced by arguments—City of Lexington v. Aull, above cited; Providence Bank v. Billings et al., 4 Pet. 560; Hanna v. Board of Commissioners, 8 Blackf. 352.

If the charter of the railroad company could by possibility be construed to exempt the property of the railroad from city taxes, then the act of 1863-4 above referred, to being wholly inconsistent with said exemption, repealed the same as far as the city was concerned. This the legislature had power to do—Cases above cited; The Columbiana Manuf. Co. v. Vanderpool, 4 Cow. 556; Redf. on Railw. 533, § 11.

HOLMES, Judge, delivered the opinion of the court.

This was a proceeding on the part of the collector of the City of St. Joseph before the city recorder, under the charter and ordinances, to obtain judgment against certain real estate of the defendant, situate within the corporate limits of the city, for the amount of taxes thereon levied for municipal purposes which were unpaid. The plaintiff had judgment, and the case was appealed to the Circuit Court of Buchanan county, where it was affirmed, and now comes up by appeal to this court.

31—VOL. XXXIX.

It was admitted that the taxes were regularly assessed, and that the proceedings were had in accordance with the ordinances. The ground assigned for error is substantially that the property was exempt from taxation by the statute laws of the State, and was not subject to taxation for city purposes. It was not denied that the city charter gave the corporation full power to levy taxes for municipal purposes, on all property situate within the city limits, whether real or personal, and to levy and collect taxes from railroad corporations as well as from individuals—Laws of 1863–4, p. 431. But it is insisted that the ordinances and charter only authorized the stock of the railroad company to be taxed, and not the property itself ; that the stock represented all the property of the company, and that if the real estate were taxed as such there would be a double taxation.

The charter of the defendant provided that the stock of the company should be exempt from all State and county taxes. The third section of the act of the General Assembly of September 20, 1852 (R.R. Laws, 115), required the company to pay into the State treasury " a sum of money equal to the amount of the State tax on other real and personal property of like value, for that year, upon the actual value of the road-bed, buildings, machinery, engines, cars, and other property of said company," in consideration of the grant of land therein made by the State to said corporation ; and it was decided in the case of the Hann. & St. Jo. R.R. Co. v. Shacklett, 30 Mo. 560, that the property of the company, " consisting of the road-bed, depots, cars, locomotives, and all the real and personal property necessary to the operation of the road," was not subject to taxation for State and county purposes, in any county, under the general revenue law, which enumerated as objects of taxation " all shares of stock in banks and other incorporated companies," and " all property owned by incorporated companies over and above their capital stock," for the reason that the stock of the company was exempt by its charter from all State and county taxes, and that the property aforesaid was repre-

sented by the stock, and could not be taxed twice. The point there determined was, that the general revenue law did not include, nor intend to include, the stock of this corporation, which was exempted by another act, nor the lands granted to it by the State lying in any county as being property " over and above their capital stock;" for it was considered in that case, as well as in the case of the State v. The Hann. & St. Jo. R.R. Co. 37 Mo. 265, that the capital stock represented those lands so granted, as well as all other property of the company, and that a double taxation for the same purposes was not intended by the Legislature.

Now there is nothing in these decisions which denies to the Legislature the power to repeal those exemptions, or to subject this corporation, or its property, to further taxation in addition to that which was imposed as a consideration for the grant of lands, in case they should see fit to do so by clear intent and express enactment. The charter acts incorporating the City of St. Joseph give an unequivocal authority to the city to tax the real estate of the defendant lying within the corporate limits for municipal purposes. There can be no doubt of the power of the Legislature to repeal a temporary rate of taxation, and impose another and higher rate, or additional taxes, by virtue of the State sovereignty over the whole subject of taxation, unless there has been some express contract in limitation of the power upon a consideration deemed to be a part of the value of the grant of a charter—Redf. on Railw. 503, 533, n.; Gwinn v. Tax Ap. Ct., 3 How. (U. S.) 133; Providence Bank v. Billings, 4 Pet. 574. By her charter the stock of this corporation was exempted from taxation for State and county purposes. By the act of 1852, the Company was subjected to taxation on her property for State purposes, in consideration of the grant of lands as it was expressed, and the company accepted the grant with the conditions. But it does not follow that the State had either by the charter given, or by the statute, set any limit upon the sovereign power to subject the corporation, or its property, to taxation within the limits of a

city for municipal purposes. Nor is this to be deemed a double taxation; it is only an additional tax for another purpose. It is neither a State nor a county tax; it is a city tax, and for objects in the benefits of which this defendant participates in common with the rest of the citizens. We see no reason to doubt of its validity. That the stock of this corporation has been hitherto exempt from taxation for State and county purposes would seem to be no good reason why this real estate should not be taxed for city purposes—City of Lexington v. Aull, 30 Mo. 480.

The judgment will be affirmed. The other judges concur.

