THE STATE, TO THE USE OF RUSSELL & WIFE, Plaintiff in Error, vs. MOORE et al., Defendants in Error.

1. A suit upon a sheriff's bond is properly brought in the name of the state.
2. A sheriff is responsible for all trespasses committed by a deputy by color of his office.
3. The securities in a sheriff's bond are liable for a trespass committed by the sheriff, in seizing property exempt from execution.

*Error to Chariton Circuit Court.*

This was an action brought under the code, in the name of the state of Missouri, to the use of William Russell and Sarah J., his wife, against Robertson Moore and others, upon a bond executed by Moore as principal, and the other defendants, as his securities, conditioned that Moore should faithfully perform

his duties as sheriff of Chariton county, according to law. The breach of the bond was charged in the petition substantially as follows :

On the 25th of November, 1848, a suit was commenced in Chariton county by George W. Temple against Sarah J. Cochran, who has since intermarried with the plaintiff, William Russell, and a writ of attachment issued, which was levied upon the goods and effects of the said Sarah J. to the value of $9454 49. The sheriff, by his deputies, took the goods into his possession, and kept them so negligently that they were all lost, stolen, destroyed or injured except the amount in value of $1149 72. The sheriff also seized and took into his possession the wearing apparel of the said Sarah J., by which she was damaged to the amount of $2000. At the September term of the Chariton Circuit Court, the said sheriff was directed and ordered by the court to deliver to the said Sarah J. the goods, &c., seized by him, the suit having terminated in her favor. This was the substance of all the material allegations in the petition. The damages were laid at $8000. A demurrer to this petition was sustained, and the plaintiffs appealed.

*Davis*, for plaintiff in error. 1. The suit is brought in the name of the proper party. Code of Practice, art. 1, sec. 3. 2. The securities of Moore are liable for all damages occasioned by him under color of, and in discharge of his official duties as sheriff. 13 Mo. Rep. 437. 15 Wend. 577. 7 J. J. Marsh. 166. 3. No demand or order of court for the return of the property was necessary.

*Clark*, for defendants in error. 1. The code requires that all suits shall be brought in the name of the real party in interest, with certain exceptions, of which this is not one. 2. The petition joins a cause of action for which the sheriff alone is liable, with one for which the sheriff and his securities are liable. The securities in a sheriff's bond are not liable for his trespasses. 8 Pick. 543. 16 Pick. 19. 11 Mo. Rep. 13. 8 Mass. Rep. 79. 1 Binney, 240. 7 Cowen, 739. 18 J. R. 390. 3. The petition does not show that any demand was ever made on

the sheriff for the return of the property, or that he was notified of the result of the suit or of the order of the court.

SCOTT, Judge, delivered the opinion of the court.

1. The first ground of demurrer to the plaintiff's petition is, that the proper parties are not made plaintiffs. It is maintained that the suit should have been brought in the name of Wm. Russell and his wife, they being the real parties in interest, and not in the name of the state of Missouri. The action is on a sheriff's bond, which is, by law, made payable to the state of Missouri, and is against the sheriff and his sureties. In the construction of the present practice act, it has been held, that the obligee of a bond, and the payee of a note are the proper persons in whose names suits should be instituted on such instruments. They are the trustees of an express trust within the exception of the act. *Harney* v. *Dutcher*, 15 Mo. Rep. 91.

Another objection to the petition is, that a cause of action which lies against the sheriff alone, is joined with one against both him and his sureties. It is alleged in the petition, as a breach of the condition of the bond, that the sheriff levied an attachment on property belonging to the plaintiff's wife, which was not liable to that process under the statute regulating attachments. Other breaches of the condition of the bond are likewise averred in the petition, for which it is conceded the sheriff and sureties would be jointly liable. It is argued for the defendant that, for such wrongful acts of the sheriff, the sureties in his official bond are not responsible — that the act constituted a trespass for which the sheriff alone is liable.

2. It is an undoubted principle, that the master is not liable for the wanton acts of those whom he may employ. If an agent, transcending the limits of his authority, wantonly commits a trespass, his principal is not liable to an action for such wrong ; but the sheriff is liable for all acts done by his deputy, as such ; for all abuses, for every perversion of the authority with which he is entrusted, he is liable, though they may

be committed by his deputies. He is responsible for all tres-
passes done by a deputy, by color of his office. This is a
well established principle. 6 Bacon, tit. "Sheriff," 156.

3. The law of attachments relieves from that process all
property exempt from execution by law, in favor of those who
are residents of this state. Trespass lies against an officer
for seizing under process property exempt from execution.
Are, then, the sureties of a sheriff liable for trespass commit-
ted in the execution of process in his hands? The sheriff's
bond is conditioned for the faithful discharge of the duties
of his office. Is it a faithful discharge of his duty to pervert
process placed in his hands, to the injury or oppression of an-
other? The office of sheriff is a very important one. He is
entrusted with very great powers, and for the safety of indi-
viduals, the law, in its wisdom, has seen proper to require of
him surety for his good conduct. It would be hard, if a sher-
iff, by virtue of the process placed in his hands, should op-
press or ruin individuals, and they should have no other secu-
rity than his own resources. He may be insolvent, and unable
to respond in damages out of his own estate. Such a condi-
tion of things would drive men to a resistance of the execution
of the process of the law. We are not without authority on
this question. In the case of the *Commonwealth* v. *Stock-
ton and his sureties*, 5 Monroe, 193, it was held, that a per-
son on whose property a sheriff levies an execution against
another, may have an action for his use on the sheriff's official
bond against the sheriff and his sureties. So, in the case of
*Carmack* v. *The Commonwealth*, 5 Binney, 184, it was de-
cided that the sureties of a sheriff are liable in damages for the
sheriff's trespass, in seizing and selling goods of one under
execution against another. The condition of the bond sued on
in that case was substantially the same as that required by our
law.

The objection that there was no order of the court requiring
the sheriff to restore the attached property, and that there was
no demand of the property before the institution of the suit,

cannot be sustained, as the action is founded on the allegation of injuries sustained by the loss and destruction of property, whilst in the custody of the sheriff. Under such a state of facts, no order for the demand or delivery of the goods was necessary, as such steps would have been nugatory.

The other judges concurring, the judgment will be reversed, and the cause remanded.