State, to use of Garrett, v. Farmer.

---

———————

STATE, TO USE OF GARRETT, Plaintiff in Error, vs. FARMER, Defendant in Error.

1. Under the first section of the amendatory act of 1847, concerning executions, every head of a family may hold property to the amount of $150, exempt from execution, whether he owns any of the property mentioned in the first and second subdivisions of the eleventh section of the act of 1845 or not.

2. The securities in a constable's bond are liable for his trespass in seizing property exempt from execution. (*State* v. *Moore,* 19 Mo. Rep. affirmed.)

*Error to St. Louis Court of Common Pleas.*

The case is stated in the opinion of the court.
*Delafield & Kribben*, for plaintiff in error.

RYLAND, Judge, delivered the opinion of the court.

This was an action by the State, to the use of Garrett, against Farmer and others, his securities, on his bond as constable of St. Ferdinand township, in St. Louis county. The petition alleges that Garrett was the head of a family, he having a wife and children ; that he was the owner of about twelve acres of corn in the field, and about one acre of potatoes in the ground, and some small quantity of furniture ; that the said Farmer, as constable, levied an attachment on this corn and potatoes, and sold the same for about sixty dollars : that the said Farmer did not apprise the petitioner, Garrett, of his right to select this property as the head of a family ; that Garrett demanded of Farmer the appraisement of the property, and claimed it as being exempted from execution.

The petition is immoderately long, and requires some attention to its verboseness, before we can make out that there is a cause of action set out in it at all ; but it is our opinion that there is substantially a cause of action set out.

The defendants demur to the petition, and the court sustains the demurrer. The plaintiff brings the case here by writ of error.

1. In looking over the whole record carefully, we find that the case involves the construction of the act of our legislature passed in 1846–7, amendatory of the act of 1845, concerning executions. This act of 1847, section 1st, declares that " Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of the eleventh section of an act entitled ' an act to regulate executions,' approved March 26th, 1845, may select and hold exempt from execution any other property, real, personal or mixed, not exceeding in value the amount of one hundred and fifty dollars."

" Sec. 2. It shall be the duty of the officer to apprise such person of his right to make such selection, and the same proceedings as to the selection, appraisement and sale of such property shall be had, as are provided with reference to the selection, appraisement and sale of working animals in the 12th and 13th sections of the act of 1845."

The 11th section of the act of 1845, with its two subdivisions mentioned, to-wit, first and second, is as follows:

" Sec. 11. The following property, when owned by the head of a family, shall be exempt from levy and sale under any execution: First. Ten head of choice hogs, ten head of choice sheep, two cows and calves, one plough, one axe, one hoe, and one set of plough gears. Second. Working animals of the value of sixty-five dollars."

Now, the act of 1847 is to be construed as making an additional exemption, not only in favor of those persons, heads of families, who may own the hogs, sheep and working animals mentioned in the 1st and 2d subdivisions of the 11th section of the act of 1845, who may desire to select other property, either personal, real or mixed, in lieu of that mentioned in these two subdivisions; but also in favor of those persons, heads of families, who have not such property as is mentioned in these subdivisions, but may have other property, real, personal or mixed. The class of persons to be benefitted was increased so as to embrace others than those only who were cultivating the soil. The heads of families, who had no hogs, no sheep, no plough, no working animals, were supposed to be under as much natural and moral obligation to provide for their household, as the agricultural portion of the community. The words " in lieu," therefore, do not confine the exemption to persons having the property named in the 1st and 2d subdivisions of section 11, of act of 1845. If a head of a family has such property as well as other kinds, he may select of the other kinds in lieu of the property named; but a man, the head of a family, although he has not such property, and has other kinds,

may select out of what kind he has, so much as the law allows, and it shall be exempt from sale, &c.

The first section of the act of 1847 must be considered as a new class, following the second subdivision of section eleven of act of 1845, embracing heads of families, who have not the kinds mentioned in these subdivisions, but have real or mixed or other personal property; and in 1853, even wages to a certain amount were exempted from garnishment or attachment.

The duty of the courts requires them to give liberal interpretation to all such acts of legislation. They tend to increase the happiness of the poor—unfortunately, too great a part of every community; to render comfortable the feebler and weaker portion of our fellow-beings, who are less able to provide for themselves, and less able to do without such provision — our wives and children.

2. The creditors should not complain; they have no right to complain; they know such to be the law when they give the credit, and often times the credit given, instead of a kindness and favor, has the very opposite effect.

The court below erred in sustaining the demurrer to the petition. Its judgment is reversed, and the cause remanded. The securities are liable for such acts of the principal. See case of *State, to use of Russell and wife*, v. *Moore*, (19 Mo. Rep. 369.) The other judges concur.