STATE TO USE OF HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Respondent, *v.* ROBERT SHACKLETT *et al.*, Appellants.

*Revenue—Officer—Action.—* The securities upon the official bond of the sheriff are liable to an action for the wrongful act of the sheriff as collector of revenue in levying upon property to enforce the payment of taxes illegally assessed upon property not subject to taxation. (See Hann. & St. Jo. R.R. Co. v. Shacklett, 30 Mo. 550.) If the property be not subject to taxation, the collector is a trespasser if he levy the tax, in the same manner as an officer would be in enforcing the process of a court having no jurisdiction of the subject matter.

### Appeal from Marion Circuit Court.

*Vories & Vories*, for appellants.

The plaintiff and appellee cannot recover in this case.

The suit is brought on the collector's bond, and the sureties cannot be made liable in such case unless it is upon a breach of some specific condition or requirement of the bond. In this case, both by the law and by the conditions contained in the bond, as well as by the process or tax book placed in his hands, the collector was required to levy and collect the taxes therein assessed and set forth. The subject matter of levying the taxes was in the jurisdiction of the assessor and others, whose business it was to assess the same and place the tax book in the collector's hands. The collector and his sureties could not therefore be made liable for any errors previously committed by others. The process in the hands of the collector will be justification to the defendants. (Brown v. Henderson, 1 Mo. 134, and cases there cited.)

And the illegality of the prior proceedings on the part of

the assessor and others would not excuse the collector for failing to collect the taxes as set forth in the tax book and the precept to him delivered. (Kellar v. Savage, 17 Me. 444; s. c. 20 Me. 199.)

The liability of the sureties of a collector on his official bond depends upon the legal construction of the conditions of the bond. Their liabilities cannot be extended by implication or construction, but are limited to the very acts or obligations provided- for by the language of the bond; and as the collector in this case has simply discharged a duty imposed upon him by both the law and the bond, no breach has been committed and no action will lie. (Foxcraft v. Nevens et al., 4 Greenl. 72.)

The collector's sureties are protected by the tax book as process in his hands, and cannot be held liable for the errors of others. (Caldwell v. Hawkins, 40 Me. 526, and cases cited.)

In such case if the taxes were illegally assessed, the action would be assumpsit for money had, &c., or an action against the assessor to recover damages for his illegal act. (Ford v. Clough, 8 Me. 334; Smyth et al. v. Titcomb, 31 Me. 272; 9 Johns. 369; 7 Johns. 179.)

*Carr*, for respondent.

I. The property of the relator being exempt from taxation in the manner pursued in this case, as was decided by this court in the case of the Hannibal and St. Joseph R.R. Co. v. Shacklett, (30 Mo. 550,) the assessor had no *jurisdiction* over such property to assess it; and having no jurisdiction over the relator's property, the fact of going through the *form* of assessing it could impart no validity to the assessment, so as to authorize the collector, or even to justify him in enforcing an illegal assessment, any more than a title can be imparted by a *bona fide* purchaser to a horse which had been stolen. The assessment was *coram non judice*, and hence void. Of this fact the collector was bound to take no-

tice at his peril. He was just as much bound to know the law as the relator, or any private citizen. 1. The assessment was void upon its face. (Finn v. Commonw. 6 Barr, Pa., 460; Greenon v. Raymond, 1 Conn. 40; Allen v. Gray, 11 Conn. 95, and long list of English authorities there cited; Connor v. Commonw. 3 Binn. 38; Toof v. Bentley, 5 Wend. 276; Commonw. v. Kennard, 8 Pick. 133; Bond v. Ward, 7 Mass. 123; Wetmore v. Campbell, 2 Sanf. 341; Osgood v. Clark, 6 Foster, 307; Osgood v. Blake, 1 Foster, 550; Henry v. Sergeant, 13 N. H. 321; Perry v. Bass, 15 N. H. 322; Pickering v. Pickering, 11 N. H. 146; Pickering v. Coleman, 12 N. H. 149.) 2. Even if the assessment was not void upon its face, *the notice to the collector, and payment under protest,* were sufficient to put him on inquiry, and make him a trespasser in attempting to collect the taxes. (Elliott v. Swartwout, 10 Pet. 137, and authorities there cited; Hearsey v. Pruyn, 7 Pet. 179: Ripley et al. v. Gelston, 9 Johns. 201; Fry v. Lockwood, 4 Cow. 454.)

II. The legal liability of the sureties on the collector's bond is commensurate with that of their principal. That their principal is legally liable has already been decided in the case of the Hannibal and St. Joseph R.R. Co. v. Shacklett, *supra.* (State v. Moore, 19 Mo. 369; State v. Farmer, 21 Mo. 160; Rollins et al. v. State, 13 Mo. 437; Carmack v. Commonw. 5 Binn. 184; Commonw. v. Stockton, 5 Mon. 192; Ganbor v. Commonw. 7 Barr, 265; Musselman v. Commonw. 7 Barr, 240; Evans v. Commonw. 8 Watts, 398; Masser v. Strickland, 17 Serg. & R., 354; Lloyd v. Barr, 11 Pa. St. R. 42.)

It will be perceived from an examination of the foregoing cases, that the doctrine of *estoppel* is applied to the sureties to the fullest extent. This grows out of the relations which the parties bear to each other. The sureties, by signing the bond of the collector, thereby agree to pay, if he does not, all damages resulting from any illegal act of their principal, done *colore officii*; and since the principal has fixed upon himself

a clear legal liability in this case by his illegal act, it does not lie in the mouth of his sureties to repudiate their legal liability therefor.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted in the Marion county Circuit Court on the relation of the Hannibal and St. Joseph Railroad Company against Robert Shacklett and his securities, on an official bond. It appears from the record that Shacklett was sheriff and *ex officio* collector of Marion county, and that the breach alleged was levying on and advertising for sale and coercing the payment of taxes on property belonging to the relator, and not subject to taxation. The property was assessed by the assessor of Marion county, and a certified copy of the tax book, as the law directs, was duly delivered to Shacklett as collector, for which he gave his receipt. The relator insisted that the property was exempt from the payment of the taxes imposed, and refused to pay the same; whereupon Shacklett levied on a large quantity of rolling-stock belonging to the relator's road, and advertised it for sale to satisfy the taxes assessed against it. The relator then, to regain possession of the property, paid the amount claimed under written protest, and also gave the collector notice in writing that it would commence suit for the repayment of the money. Accordingly suit was instituted, and the court decided that the property was not subject to taxation, and that the assessment was unwarranted by law and a nullity, and judgment was therefore rendered against Shacklett in favor of the relator for the amount of money so collected. (Hann. & St. Jo. R.R. Co. v. Shacklett, 30 Mo. 550.)

The relator failing to make the money on the judgment obtained against Shacklett, has brought this suit against the sureties on his bond, for the purpose of getting satisfaction of the demand.

It is contended by the appellants that the action cannot be maintained; that the tax book furnished a full justification to

the collector, and that the law peremptorily required that he should proceed to the collection of the taxes in the manner he pursued, and that he could not go behind the books to inquire into the validity of the assessment; and also that the sureties cannot be held liable, as he was pursuing the plain line of his duty, and executing the mandates of the law, and that his action, therefore, amounted to no breach of the conditions of his bond. The general rule is that the tax books, when regularly certified and authenticated, afford the same protection to the collector in collecting the taxes therein assessed, that a judgment at law does to the sheriff in enforcing an execution issued thereupon.

Now, where the court has no jurisdiction of the cause, there the officer is not obliged to obey, and if he does, it is at his peril, though he do it by virtue of an execution, or other process directed to him, a void authority being the same as none at all. And a sheriff is bound to inquire into the authority of a court that issues a writ, and he is liable for executing it when it is issued by a court having no jurisdiction. (Brown v. Henderson, 1 Mo. 134; Mayor v. Morgan, 7 Martin, N. S., 2; 8 Bac. Abr. 691; case of the Marshalsea, 10 Coke, 160; Brown v. Compton, 8 T. R. 424.)

The officer is bound to know the law, and if he executes process which is void, emanating from a court or officer having no jurisdiction, he acts at his peril and will not be protected. Here the assessment was illegal. Its illegality was apparent on the very face of the tax books placed in the collector's hands, as much so as if it had purported to have been made on the court-house, or other property which the law expressly exempts from taxation. But since the decision in this court, this is no longer a disputable question. It is conclusive against Shacklett and his sureties on the bond. (McLaughlin v. Bank of Potomac, 1 How. 220; 17 Curt. 97; King v. Chase, 15 N. H. 9; Parkhurst v. Sumner, 23 Vt. 538; Evans v. Com., 8 Watts, 398; State to use, &c., v. Coste, 36 Mo. 437.) The question now remaining to be considered is, can the sureties be held liable in this proceeding?

The bond contained the following conditions: "That if the said Robert Shacklett should faithfully and punctually collect and pay over all the State and county revenue for the two years next ensuing the first day of September next, 1858, and until his successor shall be elected and qualified, and that he would in all things faithfully perform the duties of collector according to law, then said written obligation was to be void and of no effect."

Can it with truth or propriety be alleged that when the collector placed himself in the attitude of a trespasser, and wrongfully collected money on property not subject to taxation, that he was faithfully performing the duties of collector according to law? The collector is entrusted with vast powers and important responsibilities, and the law has deemed it advisable to require that he should give sufficient security to secure his good conduct, or to indemnify those who may suffer in consequence of his neglect or malfeasance.

Judge Scott pointedly remarks: "It would be hard if a sheriff, by virtue of the process placed in his hands, should oppress or ruin individuals, and they should have no other security than his own resources. He may be insolvent, and unable to respond in damages out of his own estate. Such a condition of things would drive men to a resistance of the execution of the process of the law." (State v. Moore, 19 Mo. 372.) A surety on an official bond is responsible for all moneys which come into the hands of the officer while in office, and which he subsequently fails to account for and pay over. (Bryan v. The United States, 1 Black, U. S., 140; 12 Wheat. 505.)

When an officer tortiously seizes goods, it is not merely a private trespass but a breach of his bond; and a person whose goods are thus wrongfully seized, shall have an action against him and his sureties on his official bond. (State v. Moore, 19 Mo. 372; 21 Mo. 160; The People v. Schuyler, 4 Comst. 173; Archer v. Nobb, 3 Greenl. 418; Harris v. Hanson, 11 Me. 241; Cormack v. Com. 5 Binn. 184; Com. v. Stockton, 5

19—VOL. XXXVII.

Mon. 192; Phillips v. Harris, 3 *J. J.* Marsh. 122; Potts v. Com. 4 J. J. Marsh. 202; Forsythe v. Ellis, 4 J. J. Marsh. 298.)

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.