THE ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, Appellant,
v. BENJAMIN CHARLES, Respondent.

1. *Revenue — Corporations, stock of, what liable to assessment.*—Not only the original stock, but all after-acquired capital stock of a corporation in private hands, is liable to assessment under the revenue act of 1864 (Sess. Acts 1863-4, p. 65).

2. *Revenue, action of assessor in matter of, judicial — Collector liable to tax-payer for property irregularly assessed, when.*—The actions of the assessor and that of the board of appeals or County Court, in the matter of taxation, are judicial; and if it appears from the tax list that the assessor has jurisdiction over the property, *i. e.* that it is liable to tax in any form, though irregularly assessed, the collector is not liable to the tax-payer for the amount collected.

3. *Revenue — Corporation — Capital stock — Shares of stock — Judgment against collector for taxes irregularly assessed, effect of.* — The statute makes a distinction between the liability to taxation of the property of a corporation embraced within its capital stock and of the shares of such stock, but the result is or should be the same. In either case, if the officers of the

corporation pay the tax, they pay it for the shareholders; and if judgment is rendered against the collector for the amount of taxes collected by him from a corporation, the result of the judgment will be to collect of defendant, for the use of the shareholders, a sum of money in effect paid for them and which they were under obligation to pay.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for appellant.

The appellant is a stock corporation organized under a charter given it by the State of Missouri in 1861, with a capital stock of the par value of $100,000, all paid up. This stock was regularly listed and taxed for the year 1866 for city, county, State and school purposes, and duly paid by the corporation. In addition to this there was assessed for said year against said corporation a tax upon all property owned by it, consisting of money loaned and on hand, amounting to the sum of $300,000. This was upon its face a void tax bill, and the seizure of the property of appellant by the collector under color of his office, to satisfy the bill, constitutes him a trespasser, and made him liable to respond in damages to the corporation for the injury done by taking its property. The taxes of 1866 were assessed and levied under the revenue law approved February 4, 1864 (Sess. Acts 1863-4, p. 65, § 1). It seems to be the intention of the Legislature to tax the stock of all incorporated companies as a representation of the capital or assets of the company; and as the stock of this company represents the entire value of its property, it was a violation of the foregoing law to levy a tax on the stock and at the same time upon all its assets, which are represented by the stock, and went in to make up and constitute its value. This was double taxation, and contrary to the spirit and intent of the act under which it was levied. It may sometimes happen that it is impossible to avoid what is or appears to be double taxation, but this can never be tolerated unless clearly authorized by the law under which it is levied. This act does not purport to require at the hands of the assessor any such hardship. No property represented by the stock of the company is permitted to be taxed. In this case the stock represents the entire property of the company, and all that is not used to pay the liabilities of the company

belongs and will go to the stock-owners in the ratio of the number of shares owned by them, and the shares of stock would be taxed in accordance with their value in like manner as other personal property is taxed. (State v. Hann. & St. Jo. R.R. Co., 37 Mo. 265; St. Louis Building & Savings Institution v. Lightner, 42 Mo. 421; State, to use, etc., v. Schacklett *et al.*, 37 Mo. 280.)

*H. B. Johnson, H. A. Clover,* and *L. Gottschalk,* for respondent.

I. The property of plaintiff is liable to taxation. (Const. of Mo., art. I, § 30; art. II., § 16; 2 Wagn. Stat. 1159, §§ 1, 2.)

II. For the purposes of this case we may admit the general proposition, that the taxation of both the property and capital stock of a corporation is double taxation, and therefore illegal and unjust. (Hann. & St. Jo. R.R. Co. v. Shacklett, 30 Mo. 550; State v. Hann. & St. Jo. RR. Co., 37 Mo. 263; Gordon v. Mayor, etc., of Baltimore, 5 Gill. 231; McCullough v. Maryland, 4 Wheat. 316; Bank v. Mumford, 4 R. I. 478; Providence Ins. for Savings v. Gardiner, *id.* 484; The Tax Cases, 12 Gill & Johns. 117; The State v. Branniso, 3 Zabr. 485; The State v. Bentley, *id.* 540; The State v. Ferris, *id.* 546; Salem Iron Factory v. Inhabitants of Danvers, 10 Mass. 518; Smith v. Burley, 9 N. H. 427; Bangor & Pisgah R.R. Co. v. Harris, 22 Me. 533.)

III. But the capital stock represents only such property as the corporation is authorized by its charter to hold for the transaction of its business. (Rome R.R. Co. v. Mayor, etc., of Rome, 14 Ga. 275; Mayor, etc., of Baltimore v. Baltimore & Ohio R.R. Co., 6 Gill. 288; Hann. & St. Jo. R.R. Co. v. Shacklett, 30 Mo. 550; State v. Flavelle, 4 Zabr. 310; State v. Mansfield, 3 Zabr. 510; Inhabitants of Worcester v. Western R.R. Co., 4 West, 564.)

IV. The taxation of the property of a corporation, as in this case, not held, used or needed for the transaction of its business, is lawful and proper, even though the capital stock had been also taxed. (State v. City of Newark, 1 Dutch. 315; State v. Newark, 2 Dutch. 519; State v. City of Elizabeth, 4 Dutch. 103;

Tatem v. Wright *et al.*, 3 Zabr. 429; State v. Commissioners of Mansfield, *id.* 510; State v. Flavell, 4 Zabr. 370; Vermont Central R.R. Co. v. Burlingham, 28 Verm. 193; Railroad v. Berks County, 6 Penn. St. 70; Southegan Nail Factory v. McConihe, 7 N. H. 309; 2 Am. Railw. Cas. 306; Inhabitants of Worcester v. Western R.R. Co., 4 Mich. 564; Lehigh Coal & Iron Co. v. Northampton Co., 8 Watts & Serg. 334; State v. Ross, 4 Zabr. 497; The E. A. R.R. Co. v. E. C. R.R. Co., 73 E. C. L. 775; Mayor of Norwich v. Norfolk R.R. Co., 82 E. C. L. 397.)

BLISS, Judge, delivered the opinion of the court.

The defendant was tax collector of St. Louis county, and this action was brought against him to recover back the amount of taxes collected of the plaintiff. The petition alleges that the capital stock of plaintiff was $100,000, all paid in, and that the tax assessment was upon $300,000, being for money loaned and on hand belonging to the plaintiff; that the company paid the same under protest, and charges "that, under the laws of the State of Missouri, no property of the said plaintiff is liable or subject to taxation for any purpose; that the said capital stock ($100,000) alone of said plaintiff is subject or liable to taxation under the laws."

The assessment was made under the revenue act of February 4, 1864 (Sess. Acts 1863-4, p. 65), which provides (§ 1) for the taxation "of shares of stock in banks and other incorporated companies," and of "property owned by incorporated companies over and above their capital stock." This was probably an erroneous assessment, but not for the reasons set forth in the petition, for it is not true that only the nominal stock could have been assessed. It is often the case, and the petition shows it to have been so in this instance, that the nominal stock, or the amount actually paid in by the stockholders, represents but a part only of the capital stock of the company. This company had, by its own showing, acquired at least three times the amount of its original stock, all of which in private hands would have

30—VOL. XLVII.

been subject to taxation. There was no law that exempted it in the hands of the company.

It might have been erroneously assessed, and perhaps should have been considered in valuing the stock in the hands of the shareholders. In that case the stock itself would have been valued at least at $300,000, for it represented so much taxable property. Or perhaps a portion of this amount was held by the plaintiff "over and above its capital stock." Upon this point the petition fails to advise us, but contents itself with the erroneous statement, in face of the statute, that no property of the plaintiff is liable to taxation. In either case it should have been assessed, either in fixing the value of the stock, or as property held in excess. The fact that the assessment may have been erroneous cuts no figure in this case, for this is not a proceeding to correct an erroneous assessment, but it is an action in the nature of an action of trespass against a public officer for executing a process utterly void.

Tax collectors have always been held to the same measure of liability as sheriffs and constables. The action of the assessor and that of the board of appeals or County Court in the matter is judicial in its character, and, as with sheriffs, etc., the collector need only inquire whether the assessor has jurisdiction over the property — i. e., whether it is liable to taxation in any form — and he need not trouble himself about the regularity of his proceeding. If the tax list shows jurisdiction, he is protected.

This liability was considered in The Hann. & St. Jo. R.R. v. Shacklett, 30 Mo. 550, in State v. Shacklett, 37 Mo. 280, and in Glasgow v. Rowse, 43 Mo. 479. In the former case the collector was held personally liable upon the ground that the tax assessment was illegal and void and the assessor had no jurisdiction over the property, and in the latter case he was exonerated notwithstanding the assessment was erroneous.

In the case at bar the property in some form should have paid the tax. It does not appear that the nominal capital ever had been assessed, either to the shareholders according to the statute or otherwise, or that the plaintiff had furnished the assessor with a list of its shareholders, or that its officers objected to the irregu-

larity of the assessment, or sought to have it corrected by the County Court. The plaintiff has suffered no real injury, and has no right to charge an executive officer for errors in proceedings quasi-judicial, which might have been corrected if the plaintiff's officers had done their duty. It was the collector's duty to collect the tax unless the assessment was void, and it could not be said to be utterly void if the property was subject to taxation.

The statute makes a distinction between the liability to taxation of the property of a corporation embraced within its capital stock and of the shares of such stock, but the result is or should be the same. In either case, if the officers of the corporation pay the tax, they pay it for the shareholders, and if judgment is rendered against defendant in this case, it will be to collect of him, and perhaps of his sureties, for the use of the shareholders, a sum of money paid in effect for them, and which they were under obligation to pay. The statement of the proposition shows the justice and reasonableness of the requirement that those who are irregularly assessed for taxes, when there is an actual liability for them, should avail themselves of the opportunity the statute affords to correct the errors of the assessor. It would be altogether wrong to permit them to lie back for the purpose of making the amount out of the collector, and thus avoiding their liability altogether.

The question of the personal liability of the collector, even if the tax was improperly assessed, was not raised in Lionberger v. Rowse, 43 Mo. 67, or St. Louis B. & S. Association v. Lightner, 42 Mo. 421, and was not considered in either case; nor should the language of the court in The First National Bank v. Meredith, 44 Mo. 500, while considering another question, be understood to imply that a personal action against the collector is the proper remedy for an improper or irregular assessment.

Notwithstanding the apparent irregularity of the assessment, the petition fails to make such a case as should charge the collector personally as a wrong-doer; and the other judges concurring, the judgment will be affirmed.