STATE, TO USE OF PACIFIC RAILROAD, Plaintiff in Error, *v.* G. H. DULLE *et al.*, Defendants in Error.

1. *Revenue — Taxation, repeal of temporary rate of — Power of Legislature, etc.*— As a general proposition, there can be no doubt of the power of the Legislature to repeal a temporary rate of taxation and impose another and higher rate, or additional taxes, by virtue of the State sovereignty over the whole subject of taxation, unless there has been some express contract in limitation of the power, upon a consideration deemed to be a part of the value of the grant or the charter.

2. *Revenue — Pacific Railroad liable for county taxes — Construction of statute.*— Although, by the amended charter of the Pacific Railroad Company (Sess. Acts 1851, p. 271, § 6) and the laws applicable to said road (Sess. Acts 1853, p. 13, § 12), provision was simply made for the payment by the corporation of State taxes, nevertheless, under the constitution (art. II, § 16) and the general statute (2 Wagn. Stat. 1159-61, §§ 1-9), the company was liable for its county taxes.

3. *Revenue — County collector a ministerial officer — Where assessor has jurisdiction. collector protected in making levy, etc.*— The office of county col-

State, to use of Pacific R.R., v. Dulle et al.

lector is a ministerial one, and where an action of trespass is brought against a county collector for levying upon and seizing property for unpaid taxes, if it appear that the assessor has jurisdiction over the property — *i. e.* that it is liable to taxation in any form — then the collector will be protected notwithstanding irregularities in the mode of assessment.

*Error to Cole Circuit Court.*

*Ewing & Smith*, with *J. N. Litton*, for plaintiff in error.

I. The county tax should be levied against the shareholders of the corporation. (St. Louis Building & Savings Ass'n v. Lightner, 42 Mo. 421; Anderson v. Blattau *et al.*, 43 Mo. 42; First Nat. Bank of Hannibal v. Meredith, 44 Mo. 500; 2 Wall., U. S., 200.)

II. The petition shows on its face that the taxes levied by the county were not against the shares or shareholders, and hence the assessment on its face is void.

III. The collector, Dulle, was bound to know that this tax was unauthorized and illegal; that the assessor and County Court had no jurisdiction or power conferred by law to assess the roadbed, depot, and other effects of this corporation, instead of the shares therein. The assessment was illegal. It was apparent on the face of the tax book, and hence he collected the tax at his peril. He was not only liable, but his sureties on his bond for enforcing the collection of this illegal tax were also liable. (State, to use of Hann. & St. Jo. R.R., v. Shacklett *et al.*, 37 Mo. 280; State v. Moore, 19 Mo. 372; 6 Barr, Penn., 460; 1 Conn. 40; 11 Conn. 95; 5 Wend. 276; 8 Pick. 133.)

IV. Even if the assessment is held not to be void on its face, the notice to the collector and payment of the amount of illegal tax under protest, as alleged in the petition, is sufficient to make him a trespasser if he attempts to collect such tax by seizure and sale of the effects of the corporation. (Elliot v. Swartwout, 10 Pet. 150; State, to use of Hann. & St. Jo. R.R., v. Shacklett, *supra.*)

V. The company was not subject to tax from the county. After a certain time and event the corporation was, by the terms of the grant from and contract with the State, to be taxed in a

manner specifically pointed out therein. (Sess. Acts 1853, §§ 11, 12.) This grant and contract were in lieu of the exemption provided for in the act of 1851 (Sess. Acts 1851–2, p. 271, § 6), and authorized no county tax whatever.

*E. S. King & Bro.*, with *E. L. Edwards & Sons*, for defendants in error.

Under the general revenue law of the State "all property," with certain exceptions, is subject to taxation. (Wagn. Stat. 1159, § 1.) That of the Pacific Railroad is not an exception. (Wagn. Stat. 1159, §§ 2–9.) County Courts are authorized to levy taxes for county purposes upon all property taxable for State purposes. (Wagn. Stat. 1196, § 76.)

There is no law, special or general, exempting the property of the Pacific Railroad from the payment of taxes. (R.R. Laws of Mo. 67.) And there being no special way pointed out by any special law for making the levy and collection of the county taxes, it necessarily follows that the tax must be assessed and collected under the general revenue law of the State.

The property of the road, and not the capital stock, ought to be subject to taxation.

WAGNER, Judge, delivered the opinion of the court.

This was an action against the defendant Dulle, who was collector of revenue in Cole county, and the sureties on his official bond, for levying upon and seizing certain property of the plaintiff for unpaid county taxes and coercing the payment thereof. The property consisted of certain lots belonging to the plaintiff, in the county of Cole, and were duly assessed by the assessor, and the lists returned and placed in the hands of the defendant for collection. No irregularities are perceived on the face of the proceedings. The petition is based on the fact that the assessment for county purposes was wholly illegal, and furnished no justification for the action of the collector.

A demurrer was sustained to the petition, and the only question is whether the defendant can be held liable for his act in enforcing collection.

The plaintiff claims exemption from county assessment and taxation by virtue of its charter and the amendments thereto. By the sixth section of the amendments to the plaintiff's charter, approved March 1, 1851, it is provided that " the capital stock, together with all machines, wagons, cars, engines and carriages belonging to the company, together with all their works and other property, and all profits which shall arise from the same, shall be vested in the respective shareholders of the company forever, in proportion to their respective shares, and the same shall be deemed personal estate, and shall be exempt from any public charge or tax whatsoever for the period of five years from the passage of this act." (Sess. Acts 1851, p. 271, § 6.)

By an act entitled " An act to accept a grant of land made to the State of Missouri by the Congress of the United States, to aid in the construction of certain railroads in this State, and to apply a portion thereof to the Pacific Railroad," it was enacted that " the said Pacific Railroad and the said Southwestern Branch Railroad shall be exempt from taxation respectively, until the same shall be completed, opened and in operation, and shall declare a dividend; when the road-bed, buildings, machinery, engines, cars, and other property of such completed road, at the actual cash value thereof, shall be subject to taxation at the rate assessed by the State on other real and personal property of like value."

The section further provides for ascertaining the value of the property, and makes it the duty of the president of the company, on the first day of February of each year, after the road is completed, opened and put in operation, and pays a dividend, to furnish the auditor a statement of the amount under oath, and from the statement it is made the duty of the auditor to charge the company with the taxes appearing to be due the State; and it is further provided " that if the said company shall fail for the period of two years after said roads respectively shall be completed and put in operation, to declare a dividend, then said company shall no longer be exempt from the payment of said tax," etc. (Sess. Acts 1853, p. 13, § 12.)

It will be thus seen that section 6 of the act of 1851 exempts all the property of the corporation for the period of five years from the passage thereof. Section 12 of the act of 1852 extends the exemption until the road shall be completed, opened and put in operation, and declare a dividend, provided the dividend shall be declared within two years after the completion of the same; and if no such dividend is declared, then the exemption is to cease. The section makes provision for the ascertainment and payment of State taxes, but does not include county taxes.

Under a very similar provision in the amendatory charter of the Hannibal & St. Joseph Railroad, this court decided that the road-bed, machinery and depots of the Hannibal & St. Joseph Railroad, and the other property used by said company in operating its road, were to be considered as part of and represented by the capital stock of said company, and not liable to taxation under that provision of the general revenue law (R. C. 1855, p. 1322) subjecting to taxation "all property owned by incorporated companies over and above their capital stock." (Hann. & St. Jo. R.R. Co. v. Shacklett, 30 Mo. 550.)

But it is to be observed that the original charter of the Hannibal & St. Joseph Railroad exempted the stock of the road from the payment of all taxes, both State and county.

The present constitution of this State, adopted in 1865, declares that no property, real or personal, shall be exempt from taxation, except such as may be used exclusively for public schools, and such as may belong to the United States, to this State, to counties or to municipal corporations within this State. (Const. Mo., art. II, § 16.)

The revenue law declares that taxes shall be levied on all property, real and personal, and that all property personal by the laws of this State, situate in a county other than the one in which the owner resides, shall be assessed in such last-mentioned county. (2 Wagn. Stat. 1159-61, §§ 1-9.)

The act of 1868 gives express power to the several County Courts to levy such sums as may be annually necessary to defray

the expenses of their respective counties, by a tax upon all property and licenses made taxable by law for State purposes, with certain exceptions. (2 Wagn. Stat. 1196, § 76.)

Under this power the county of Cole acted in making the assessment and collection. From the view that we have taken of this case, it will be unnecessary to decide whether the Legislature, acting under the provisions of the constitution, intended by the general revenue law to repeal the alleged exemption from county taxes.

As a general proposition, there can be no doubt of the power of the Legislature to repeal a temporary rate of taxation and impose another and higher rate, or additional taxes, by virtue of the State's sovereignty over the whole subject of taxation, unless there has been some express contract in limitation of the power, upon a consideration deemed to be a part of the value of the grant or the charter. (Gordon v. Tax Appeal Court, 3 How. 133; Providence Bank v. Billings, 4 Pet. 574; City of St. Joseph v. Hann. & St. Jo. R.R. Co., 39 Mo. 476; Lionberger v. Rowse, 43 Mo. 67.)

By the charter, provision was simply made for the payment of State taxes, but it does not follow that any limit was placed upon the sovereign power to subject the corporation or its property to taxation within the limits of the county. Although the property should probably have been assessed to the shareholders, yet if it was liable to taxation at all, the irregularity in the mode of proceeding would not make the collector liable. (St. Louis Mutual Life Ins. Co. v. Charles, 47 Mo. 463.)

Whether the assessment was erroneous or not is a question entitled to little consideration here, for this is not a proceeding to correct an erroneous assessment, but it is an action for trespass against a public officer for executing an entirely void process. Where the statute has pointed out a remedy by which erroneous assessments can be corrected and rectified, mere ministerial officers, whose duty it is to execute the process placed in their hands, ought not, except in special cases, to be proceeded against.

In The Mutual Life Ins. Co. v. Charles, *supra*, this court said: "Tax collectors have always been held to the same measure of

liability as sheriffs and constables. The action of the assessor and that of the board of appeals or County Court in the matter, is judicial in its character; and as with sheriffs, etc., the collector need only inquire whether the assessor has jurisdiction over the property — *i. e.* whether it is liable to taxation in any form — and he need not trouble himself about the regularity of his proceeding. If the tax list shows jurisdiction he is protected."

A sheriff and his sureties will be held responsible on the official bond, where the officer commits a trespass in seizing goods exempt from execution, or sells the property of a person other than the debtor in the execution. (State v. Moore, 19 Mo. 369.)

In the case of The State, to use, etc., v. Shacklett *et al.*, 37 Mo. 280, we held the collector and his sureties answerable, but in that case it appeared that direct proceedings had been instituted to test the legality of the assessment and levy, and that they were decided to be void. (30 Mo. 550.) After this decision Shacklett failed to pay over the money, and was in fact a defaulter, and we therefore decided that he and his sureties were liable on his official bond for failure to pay after the judgment of this court. In that case also the writ clearly disclosed a want of jurisdiction.

In the case of Glasgow v. Rowse, 43 Mo. 479, it was held that if a law under which an assessment was made was not unconstitutional, even though the assessor committed an irregularity in the manner of making the assessment, the collector would not be liable in an action of trespass for executing a warrant for the collection of the tax founded on such assessment.

In Melburn v. Gillman it was held that a ministerial officer was not liable in trespass for executing a writ issued under the judgment of a court having jurisdiction of the person and subject-matter, although the judgment was erroneous. (11 Mo. 64.) So in Turner v. Franklin, 29 Mo. 285, the action was brought to recover damages for a wrongful levy upon and sale of a horse. The defendant, who was constable, justified the alleged trespass, setting up that he made the levy and sale under and by virtue of a warrant and sale bill issued by a board of school trustees. The court held that he was protected, and declared that " the officer

has no right to look into the record of the suit or examine the validity of the judgment. His duty is simple obedience to the mandate of the writ; and if the writ on its face shows the jurisdiction of the court from which it issued, the officer is protected in executing it." (See also Mut. Ins. Co. v. Charles, 47 Mo. 462.)

We think the statute sufficiently conferred jurisdiction; whether rightfully or wrongfully it is not necessary now to decide, as nothing but the liability of the defendant is involved in this contest.

Where the statute made all property liable to taxation, and empowered the several County Courts to levy such sums as might be annually necessary to defray the expenses of their respective counties, by a tax upon all property made taxable by law for State purposes, it conferred the jurisdiction, and was a sufficient warrant for the collector to justify him in obeying the process and mandate placed in his hands.

Acting in good faith, and upon what was deemed good authority on its face, he ought not to be compelled to litigate the legality of the law. This case differs widely from those where the officer has been held answerable in trespass for acting without any authority.

Therefore the judgment should be affirmed. The other judges concur.