———o———

CHRISTIAN NEEF, Respondent, *vs.* CONSTANTINE MAGUIRE, Appellant.

1. *Statutes, construction of—Legislature—When statute takes effect.*—The statute (2 W. S., 894, § 4,) declaring that acts of the Legislature shall not take effect till ninety days after passage, unless a different time is appointed by the act, is valid, and is no restriction on the power of the Legislature.

2. *Statutes—Licenses—Courts, County, orders of—Validity of, if made before statute authorizing goes into effect.*—An order of a County Court requiring licenses and assessing a tax therefor, made before the statute authorizing such order goes into effect, is null and void.

*Appeal from St. Louis Circuit Court.*

*Thos. C. Reynolds,* for Appellant.

One legislature cannot bind or restrict another in the power of legislation, and according to established rules of construction of statutes, a law goes into effect on its passage, unless otherwise ordered in the law itself.

The orders of County Courts are not to be construed with critical nicety.

The collector is protected in his seizure by the order of the County Court of April 21st, 1870, because at the time of his seizure, the pigeon-hole table was subject to taxation by the County Court, and such an order, regular on its face, had for him the force of an execution. (State, use of Pacific Railroad, vs. Dulle, 48 Mo., 287; North Missouri Railroad Company vs. Maguire, 49 Mo., 490.)

*F. & L. Gottschalk,* for Respondent.

All acts of the General Assembly take effect at the end of ninety days after their passage, unless a different time is mentioned in the act. (W. S., 894, § 4.)

The order of the County Court is void, being made before the law went into effect. A collector is liable for levying upon property for taxes illegally assessed, or if the property be not subject to taxation. (State vs. Shaklett, 37 Mo., 280 ; McPike vs. Pew, 48 Mo., 525.)

Vories, Judge, delivered the opinion of the court.

This action was brought by the respondent against the appellant, before a Justice of the Peace to recover one hundred dollars, the value of a pigeon-hole table, which it was charged that the appellant had unlawful taken from the respondent and converted to his own use. The plaintiff recovered judgment before the justice for the sum of one hundred dollars. The defendant appealed to the St. Louis Circuit Court, where at special term the plaintiff again recovered a judgment. The defendant appealed to the General Term, when the judgment rendered at Special Term was affirmed, from which judgment the defendant appealed to this court.

The bill of exceptions shows, that the cause was tried at the Special Term of the Circuit Court before the court without a jury, on the following evidence and statement of facts, as agreed to by the respective attorneys in the cause to-wit: "Plaintiff before and at the time of and since the seizure of the pigeon hole table is, and was the owner thereof; that the same is and was of the value of one hundred dollars. Plaintiff, on and before the seizure had the same set up in a public house or barroom kept by him, and permitted the same to be used in St. Louis County by players, using the same for the purpose of determining who should pay for beer at plaintiff's bar. Defendant is the collector of revenue for St. Louis County, and was such collector at the time of the seizing of said table. That plaintiff being owner and keeper of said table, did fail and refuse to pay the defendant the amount of license on said table, within ten days after the same was set up, although the same was de-

demanded of him; that defendant as such collector, on the day of the seizure levied upon and seized and carried away such table, more than ten days after the same was set up, for the non-payment of the license claimed by defendant to be due and payable by plaintiff for said pigeon hole table; that plaintiff never paid any license for said table, and that the County Court of St. Louis County made an order fixing the license for such pigeon hole table at a certain sum on the —— day of April 1870, " which order is made a part of the record and is, as follows:

" In the County Court of St. Louis County, Thursday, April 21st, 1870. Ordered by the court, that an annual license tax of five dollars be and the same is hereby levied for county purposes upon every pigeon hole table and Jenny Lind table, upon which a tax is collected for State purposes."

After judgment was rendered in the special term of the Circuit Court, the defendant filed his motion for a new trial, for the reason that the judgment was for the wrong party, and was against law and evidence; the motion was overruled by the court, and the defendant excepted The defendant also excepted to the opinion of the Circuit Court at the General Term in affirming the judgment of the Special Term.

The question raised by the parties in this case is, that the General Assembly on the 24th of March, 1870, enacted a law by which County Courts were empowered to license the keepers of " billiard tables, pigeon hole tables, Jenny Lind tables, &c," kept for gaming upon, with ball and cues; that at each term of said courts the clerks should prepare and deliver to the collectors of their counties, blank licenses for the keepers of such tables, &c., to be delivered to such keepers by the collector, &c. ; that no greater tax should be levied, on any of the tables mentioned, by the counties for county purposes, than is allowed on the same for State purposes ; that the county should have a lien on such tables for the amount of the license levied There was no law authorizing County Courts to tax or license pigeon hole tables until the passage of the act. The Legislature failed to specify in said act any time for the taking effect

thereof, but the time at which the law should take effect, was left to the general statute on that subject. The County Court of St. Louis County on the 21st day of April, 1870, made an order levying a tax of five dollars on pigeon hole tables and Jenny Lind tables. It was under this order levying a tax on these tables as aforesaid, that the defendant, in July 1870, seized and took plaintiff's table.

The first question presented is, when did the act of the Legislature before referred to, take effect? It is provided by the statute of the State, that " All Acts of the General Assembly shall take effect at the end of ninety days after the passage thereof, unless a different time is therein appointed." (2 W. S., 894, § 4.)

The Act before referred to, not having a different time appointed therein, would take effect at the end of ninety days after its passage. The statute then, under which this tax or license was levied, would take effect on the 24th day of June, 1870. It is however contended on the part of the defendant, that according to established rules of construction, a statute of law takes effect from its passage, and that one Legislature cannot bind or restrict another in the powers of Legislation. The answer to this is, that in saying that laws shall take effect at the end of ninety days after their passage, when no time is fixed for the taking effect of said Act, is not an attempt to restrict the powers of Legislation, it is only an attempt to fix the time that the law shall take effect, when no time is named therein, leaving to every future Legislature the full right to fix any other time, if it should be deemed proper. As no different time is fixed in the Act, under which the defendant attempts to justify the taking of the plaintiff's table, it follows that the Act had no more effect until the end of ninety days, than if it had never been passed. The order of the County Court, therefore, made before the taking effect of the law under which it was attempted to be made, attempting to levy a tax or license on pigeon hole table, &c., was wholly without authority and void, and would not justify the defendant in seizing and taking away the plaintiff's table. (State vs. Shack-

lett, 37 Mo., 280 ; McPike vs. Pew, *et al.*, 48 Mo., 525.) In fact, if the law had taken effect from its passage, there is not enough appearing upon the record in this case, to show any jurisdiction on the part of the defendant for seizing the property, but I have considered the case as the same is presented by the appellant in his brief.

The other Judges concurring, the judgment of the Circuit Court at General Term is affirmed.