State ex rel. Wilson, Pub. Adm'r, etc., v. Dodson, et al.

———o———

STATE OF MISSOURI, *ex rel.*, JOHN WILSON, PUB. ADM'R, ETC., Appellant, *vs.* S. C. DODSON, *et al.*, Respondents.

1. *Action, expel admr.—Interest of State must be shown.*—In a suit brought in the name of the State on the relation of the public administrator, the petition failing to show that the State has any interest in the subject matter of the suit is fatally defective on demurrer.

*Appeal from McDonald Circuit Court.*

*Bray & Cravens,* for Appellant, cited: State to use Worth Co. vs. Patton, 42 Mo. 530.

*C. W. Thrasher,* for Respondent.

NORTON, Judge, delivered the opinion of the court.

This was a suit instituted in the circuit court of McDonald county by plaintiff, who charges in his petition that defendants, by their written obligation, agreed to pay the public administrator the sum of $389.38 upon the condition that if Dodson, one of the defendants, should obey the order of the probate court of said county and pay said sum of $389.38 to the public administrator or any part thereof, whenever an order to that effect should be made by said court, the bond should be void, otherwise to be of full force. It is further charged that the probate court did make an order requiring said Dodson to pay said sum to the public administrator, and that the defendant has failed to pay said sum or

any part thereof to John Wilson, who was public administrator. Defendant filed his demurrer to plaintiff's petition, which was sustained by the court and final judgment entered for defendants. From this judgment plaintiff has appealed.

The petition fails entirely to show that the State in whose name the suit was brought has any interest, as trustee or otherwise, in the subject matter of the suit. On the contrary, it charges that the promise was made to the public administrator. The petition does not show that the obligation on which the suit was founded was such an obligation as the law requires to be made payable to the State, and it is difficult to determine from the allegations made therein, the precise nature of the instrument sued on.

The petition failing to show by any averment that the State was a trustee of an express trust, or had any interest whatever in the suit, the judgment of the court in sustaining the demurrer must be affirmed. (19 Mo. 369; 21 Mo. 112.)

Judgment affirmed. The other judges concur.