NORTH MISSOURI RAILROAD COMPANY AND MORRIS K. JESUP, Appellant, *v.* CONSTANTINE MAGUIRE, Respondent.

1. *Revenue — County assessor — Action of, judicial — Collector, liability of for irregular assessment.*— An assessment of stock of a railroad company in the name of the shareholders, instead of that of the corporation, is irregular. But the action of the assessor in such case is judicial, and where it appears from the tax-list that the assessor had jurisdiction over the property, *i. e.*, that it was liable to taxation in some form or other, the collector would not be liable to the tax-payer for the amount collected under such assessment, notwithstanding its irregularity. In the case supposed the tax-bill certified to the collector is a sufficient warrant, and will justify him in the proceeding. (St. Louis Mutual Life Ins. Co. v. Charles, 47 Mo. 462, affirmed.)

*Appeal from St. Charles Circuit Court.*

*Orrick & Emmons*, for appellant.

*R. E. Rombauer*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The action was against the collector for seizing the property of the plaintiff to collect a tax-bill in his hands. The assessment was irregular, and should have been made in the name of the shareholders, instead of the corporation; but the property was liable to taxation. That in such a case the collector is not liable is well established. In the case of The St. Louis Mutual Life Ins. Co. v. Charles, 47 Mo. 462, it was held that the action of the assessor and of the board of appeals, or County Court, in the matter of taxation, was judicial; and where it appeared from the tax-list that the assessor had jurisdiction over the property, *i. e.*, that it was liable to be taxed in any form, though irregularly assessed, the collector would not be liable to the tax-payer for the amount collected. (See also Pacific R.R. Co. v. Dulle *et al.*, 48 Mo. 282.) That decision is decisive of this case. It was no part of the duty of the collector to examine the proceedings of the assessor, and see that he regularly pursued his authority, step by step.

If the property was subject to taxation, and the assessor had jurisdiction, the tax-bill certified to the collector was a sufficient warrant, and justified him in the proceeding. The judgment of the Circuit Court was for the defendant, and it will be affirmed. Judge Bliss concurs. Judge Adams was not on the bench when the case was argued.