151    49
170    2200

STATE ex rel. WENNEKER, Collector, Appellant, v. CUMMINGS.

In Banc, June 19, 1899.

1. **Practice**: SPECIAL VERDICT: DECLARATIONS OF LAW: EXCEPTIONS. Where the case is one of admitted facts, tantamount to a special verdict, and the issues are submitted to the judge alone, he can de-clare the law thereon without the necessity of any declarations of law, and if his decision is wrong it is error of law which may be reviewed after motion for new trial.

2. **Taxation**: ASSESSMENT: NOTICE TO TAXPAYER. The right to assess for taxation, where the taxpayer is not found at his residence or place of business, attaches upon a *notice* being left by the assessor at either place, between June 1 and January 1, requiring the tax-payer to make a statement of all his taxable property.

3. ———: ———: FAILURE TO MAKE ITEMIZED LIST: IRREGULARITY. The failure of an assessor to list various pieces and kinds of per-sonal property assessed is a mere irregularity, and if the taxpayer refuses to give a list of his property, and the assessor makes the assessment in a lump sum on the best information he can obtain, and no appeal is taken therefrom, the taxpayer can not be heard to complain, in an action for the collection of the tax, that the assess-ment was not itemized.

State ex rel. v. Cummings.

4. ———: ———: PLEADING: CAUSE OF ACTION. A petition, in an action for the collection of taxes, which avers an assessment in a sum specified, the levy of specific taxes thereon by the duly constituted authorities, the effort of the collector to collect the taxes, his failure to do so, and the return thereof as delinquent, and the necessity of the action for taxes, penalties, costs, and attorney's fees, is sufficient, without setting out the district assessor's valuation for each year, and alleging the doubling thereof by the president and board of assessors.

5. ———: ———: SUIT EX REL. CITY OR STATE: CUMULATIVE REMEDY. The remedy provided by laws 1897, page 213, for the collection of taxes due the city of St. Louis, by an action in the name of the city, is cumulative, and, as provided by said act, does not impair the right to maintain an action therefor in the name of the State at the relation of the collector.

*Appeal from St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

E. C. SLEVIN for appellant.

(1) When one, being notified by the assessor, fails or refuses to make return of his personal property for taxation, then it becomes the duty of the assessor to assess him, and the property which should have been listed shall be assessed at double its valuation. Secs. 7532, 7535 and 7536, R. S. 1889. (2) These provisions are not in conflict with sec. 4, art. X, of the Constitution. State ex rel. v. Moss, 69 Mo. 495; Myers v. Park, 8 Heisk 550; Boyer v. Jones, 14 Ind. 354; Butler v. Bailey, 2 Bay (S. C.) 244. (3) Nor is it necessary in such cases for the assessor to itemize and specify any particular property. The valuation in gross is sufficient. Cooley on Taxation (2 Ed.), p. 37; State ex rel. v. Seahorn, 139 Mo. 582. (4) At most, the failure of the assessor to itemize the list, is an informality which is cured by the statute. Sec. 7563, R. S. 1889. (5) If the assessor obtained jurisdiction to assess the property, his action is judicial, and the valuation

placed thereon by him, unless appealed from to the board of equalization, is conclusive upon the one liable for taxes. State ex rel. v. Hoyt, 123 Mo. 348; State ex rel. v. Vaile, 122 Mo. 33; State ex rel. v. Bank, 120 Mo. 175. (6) The sole preliminaries to vest jurisdiction in the assessor under the statute are service of notice and making out his assessment books. State ex rel. v. Phillips, 137 Mo. 259; State ex rel. v. Bank, 120 Mo. 173. (7) The petition is sufficient. State ex rel. v. Rau, 93 Mo. 126; State v. Bank, 120 Mo. 161.

M. McKEAG and C. S. CUMMINGS for respondent.

(1) No declarations of law were asked or given and no exceptions saved to any of the court's ruling, only as to the ruling on the motion for a new trial. Under these circumstances and the former rulings of this court, what is in this record to review? Clark v. Railroad, 127 Mo. 225; Hill v. Kingsland, 131 Mo. 648; Bethune v. Railroad, 139 Mo. 574. (2) The making of a list of the personal property, whether that be done by the taxpayer or the assessor, is essential and absolutely required to be done before the president and board of assessors get jurisdiction or any assessment of this property can be legally made. It is well settled by authority that in summary proceedings where a court exercises a limited power under a special statute prescribing its course, that course ought to be exactly observed and those facts specially which give jurisdiction ought to appear, in order to show that the proceedings are *coram judice.* Butt v. Philips, 90 Mo. 670; Thatcher v. Powell, 6 Wheaton, 119; People v. Sneath & Arnold, 28 Cal. 167; Faulkner, Bell & Co. v. Hunt, 16 Cal. 167; Torrey v. Millbury, 21 Pick. 64; Howes v. Bassett, 56 Vermont 141; Ward v. Board of Equalization, 134 Mo. 313; State ex rel. v. Burr, 143 Mo. 209; State v. Seaborn, 139 Mo. 549. (3) The petition does not state facts sufficient to constitute a cause of action. None of those acts which the statutes of Missouri make obligatory on the assessor to perform before

he can get jurisdiction to make the assessment has been averred to have been performed. Until these are stated, no jurisdiction can be inferred by a general statement in the petition, that all of the officers have done their duty within the proper time is not sufficient. State to use v. Railroad, 83 Mo. 144; State v. Welch, 28 Mo. 600; Mantz v. Railroad, 87 Mo. 280. (4) The assessment was not made out and placed on the books by the assessor as required by the laws of Missouri. Guessing at the valuation of personal property in bulk in dollars was not a valuation, and if even it was, the doubling of this value by the assessor in accordance with section 7536, R. S. 1889, and placing it on his books at double its value is in contravention to sections 3 and 4 of article X of the Constitution of Missouri. This can not be called a penalty; the law does not call it thus in this section. McCormick v. Fitch, 14 Minn. 252; Blackwell on Tax Titles, sec. 194; Life Association v. Board of Assessors, 49 Mo. 512

GANTT, C. J.—This is an action by the collector of revenue of the city of St. Louis to recover certain delinquent personal taxes for the years 1894 and 1895. The petition alleges that John K. Cummings was assessed for the year 1894 as being the owner of personal property of the value of $23,000, upon which there was levied the sum of $471.50 for state, school, and city taxes; that for the year 1895 he was assessed as being the owner of personal property of the value of $25,000, upon which there were levied taxes to the amount of $512.50 for state, school, and city taxes. The petition further avers that by the laws of Missouri it was provided that all property in said city should be assessed by a board of assessors consisting of a president and one assessor for each assessment district; that said president and board of assessors at the proper time and in the manner required by law, proceeded to and assessed the personal property of defendant, and therefore, as required by law, made out their assessment

books for the said years 1894 and 1895, and afterwards caused to be made out in due time, proper tax bills, in the form and at the time prescribed by said laws, and against each person in said tax bills was set down the amount so fixed by said assessors as and for the taxes on personal property for said years, and due as such; that the collector endeavored, by all lawful means, to collect said tax bills against defendant, but was unable to do so; that thereafter, in pursuance of law, the collector made out and returned his delinquent list of taxes due on personal property, including that of defendant, as above specified; that all things, within the proper time and in proper manner and form, were done and performed by the proper officers in relation to said uncollected tax bills. He then pleads the delinquency of said taxes, and the duty of the collector to enforce their payment by suit in the circuit court. The pleader avers that the said personal taxes of defendant are correctly set forth in the tax bills filed with the petition, and duly authenticated by the certificate of the collector. He then alleges the interest due, and the contract with the attorney who brings this suit, and prays judgment for the taxes, penalties, and costs. The answer is a general denial, and a further plea that the president and board of assessors did not have jurisdiction to make the assessments, for that no list of the personal property claimed by them to be owned by defendant was made then or prior thereto, as required by sections 7531, 7532, 7535, Revised Statutes 1889, nor did they make out and place the said personal property on the assessment books, as required by the laws of this State. The cause was submitted to the court without a jury.

The plaintiff introduced the tax bills and certificates thereto, certified copies of which accompany this opinion. Objections were made to these tax bills, because—First, the petition did not state a cause of action; secondly, they were not properly certified; third, the taxes due the city could only be recovered by the city under the act of 1897. The objec-

tions were taken under advisement, and plaintiff rested. Defendant then offered evidence which showed that Chris. D. Brokate was a district assessor of the Seventh assessment district of St. Louis from 1890 to 1894; that defendant lived in that district in 1894 and 1895; that he served the notices on defendant to make out his list of personal property for assessment; that he went to defendant's residence, No. 1103 Clinton place, block 362, in St. Louis, June 9, 1894, and left a written notice under the doorsill, after having rung the doorbell and received no answer; he then went to the next door, and served a notice, and as he came back defendant was then outside, and had the notice in his hands; that defendant inquired of the officer if he left that notice, and he was told he did; after much unnecessary profanity, defendant very emphatically swore that he would make no list. After that, the officer made no further effort to get in the house of defendant to list his furniture, or to ask him about the various kinds of property listed in the blank, but inquired of various persons as to defendant's property, and finally returned his list with an assessment of $11,500. This amount the president and board of assessors doubled to $23,000 for defendant's failure to make out any list, as he was notified to do. Notice was likewise served in 1895, and, no list having been returned, defendant was assessed by the district assessor at $12,500, and the board doubled that to $25,000. No specific character of property was listed in either case by the district assessor, but a lumping sum was named in each instance,—$11,500 in one, and $12,500 in the other. Upon this evidence the court found for defendant, and in due time the plaintiff filed a motion for new trial, and it was overruled. Plaintiff excepted, and brings the case here by appeal.

The following are copies of tax bills and certificates:

CITY BOOK   6     BILL   .009a

Received of   c     John K. Cummings      Four Hundred and Seventy-One      State, School and City Taxes for ——— 1894

Residence.     1108 Clinton Place.      $ ▮ 50/100 Dollars.

Being the amount of State, School and City Taxes for the Year 1894, in St. Louis City, on Real Estate as below detailed, and on Personal Property.

| City Block. | Street or Avenue. | Feet Front. | Feet Deep. | Addition. | Block. | Lot. | North. | East. | South. | West. | Specified Valuation. | Designation of Taxes. | Aggregate of Assessed Value. | Amount of Taxes. | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | Dolls. | Cts. | Mills. |
| | | | | | | | | | | | | **STATE.** | | | | |
| | | | | | | | | | | | | Revenue.........$0.15 cents on $100 | | | | |
| | | | | | | | | | | | | Interest..........0.10 cents on 100 | | | | |
| | | | | | | | | | | | | Total - ..........0.25 cents on 100 | 23000 | 57 | 50 | |
| | | | | | | | | | | | | **PUBLIC SCHOOL.** | | | | |
| | | | | | | | | | | | | General......$0.40 cents on......$100 | | | | |
| | | | | | | | | | | | | Total.... 0.40 cents on .... 100 | | 92 | 00 | |
| | | | | | | | | | | | | **CITY.** | | | | |
| | | | | | | | | | | | | Municipal Purposes....$0.98 on $100 | | | | |
| | | | | | | | | | | | | Interest on valid } ...... 0.40 on 100 | | | | |
| | | | | | | | | | | | | Indebtedness.. } | | | | |
| | | | | | | | | | | | | Public School Library... 0.02 on 100 | | | | |
| | | | | | | | | | | | | Total.......... 1.40 on 100 | | 322 | 00 | |
| | | | | | | | | | Personal Property, | | 23,000 | **TOTAL,** | | 471 | 50 | |
| | | | | | | | | | Total - | | 23,000 | | | | | |

I, CHARLES F. WENNEKER, Collector of the Revenue, within and for the City of St. Louis, State of Missouri, do hereby certify that the amounts of taxes set out in this tax bill remain delinquent and unpaid in favor of the several funds mentioned therein for the year 1894.

IN WITNESS WHEREOF, I have hereunto set my hand at the City of St. Louis and State of Missouri, this 9th day of Aug., A. D., 1897.

CHAS. F. WENNEKER,
Collector of the Revenue within and for the City of St. Louis, Mo.
Per LOUIS ALT,
Deputy.

CERTIFIED COPY.

St. Louis, ——————————— 189    By ——————— Collector.

——————————— Deputy.

CITY BOOK  6  BILL  1020a

Received of  John K. Cummings

Residence  1103 Clinton St.

State, School and City Taxes for  1895

Five Hundred and Twelve  50/100  Dollars.

Being the amount of State, School and City Taxes for the Year 1895, in St. Louis City, on Real Estate as below detailed, and on Personal Property.

| City Block. | Street or Avenue. | Feet Front. | Feet Deep. | Addition. | Block. | Lot. | North. | East. | South. | West. | Specified Valuation. | Designation of Taxes. | Aggregate of Assessed Value. | Amount of Taxes. | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | Dolls. | Cts. | Mills. |
| | | | | | | | | | | CERTIFIED COPY. | | **STATE.** Revenue.......$0.15 cents on $100 Interest.......... 0.10 cents on 100 Total . ...... 0.25 cents on 100 | 25000 | 62 | 50 | |
| | | | | | | | | | | | | **PUBLIC SCHOOL.** General.....$0.40 cents on ....$100 Total..... 0.40 cents on ...... 100 | | 100 | 00 | |
| | | | | | | | | | | | | **CITY.** Municipal Purposes....$0.98 on $100 Interest on valid } ...... 0.40 on 100 Indebtedness.. } Public School Library... 0.02 on 100 Total................. 1.40 on 100 | | 350 | 00 | |
| | | | | Personal Property, | | | | | | | 25,000 | | | | | |
| | | | | | | Total - | | | | | 25,000 | TOTAL, | | 512 | 50 | |

I, CHARLES F. WENNEKER, Collector of the Revenue, within and for the City of St. Louis, State of Missouri, do hereby certify that the amounts of taxes set out in this tax bill remain delinquent and unpaid in favor of the several funds mentioned therein for the year 1895.

In Witness Whereof, I have hereunto set my hand at the City of St. Louis and State of Missouri, this 9th day of Aug., A. D., 1897.

CHAS. F. WENNEKER,
*Collector of the Revenue within and for the City of St. Louis, Mo.*

Per Louis Alt,
*Deputy.*

St. Louis,_____ 189__ Collector,

By_____ Deputy.

Vol. 151—2

I.   As the plaintiff's case is made by the certified tax bills, and defendant's evidence simply consists of the method of the assessor's office, not controverted by plaintiff, the case is virtually one of admitted facts, tantamount to a special verdict, upon which the court could declare the law without the necessity of any declarations of law.   [Kronenberger v. Hoffner, 44 Mo. loc. cit. 191.]   In such a case, if the decision of the court is wrong, it is error of law, which may be reviewed after motion for new trial.

II.   The defendant insists that the president and board of assessors had no jurisdiction to assess his personal property until a list thereof was first made by defendant or the district assessor.   He established by his own evidence that the district assessor, in strict compliance with the statute, went in person to defendant's residence, and gave him a blank and a notice to make out his list, and that the defiantly refused to make his own list.   It will be observed that the sufficiency of the notice is not questioned, nor, indeed, could it be, as defendant proved by the deputy the actual receipt of the notice on June 9, 1894, at his residence in St. Louis.   What do counsel mean by jurisdiction, as applied to tax proceedings?   As to the subjects of taxation, no doubt can exist as to the power of the State to tax persons living within, and property situate within the State.   This is an inherent prerogative of the State to sustain its existence as such.   In this case the defendant, Cummings, resided in the city of St. Louis, and in the assessment district in which he was assessed, and there likewise was his personal property.   If counsel mean that some provision must have been made by law for notice, in order that defendant might protect himself against an arbitrary assessment, we think he is right.   Such a right does not necessarily secure a hearing before the assessment.   It is sufficient, to comply with the constitutional guaranty of "due process of law," that he be accorded a hearing before some court or board before the tax becomes conclusive.   This is secured in many States, as it is in

Missouri, by the right to be heard before a board of equaliza-
tion or court of appeals, and notice is required that he may
know of the meeting of such board of review.   It is sufficient,
however, if the general law fixes the regular time and place
of meeting, and every taxpayer must take notice of such meet-
ing if he desires to contest the estimate of the assessor.   In
Missouri, with a strict regard to the rights of the taxpayer,
the General Assembly has made most ample provisions for
notice.   By section 7531, Revised Statutes, 1889, the time
within which all assessments must be made is fixed to be
"between the first days of June and January" succeeding.
The assessor is required to call in person at the office, place
of doing business or residence of each person subject to taxa-
tion, and require such person to make a correct statement of
all taxable property owned by such person, or under the care,
management, or charge of such person.   If the owner is not
at home, the statute requires that a written or printed notice
be left at the place of business or residence of the taxpayer,
notifying such person to make a list, and the assessor is re-
quired to specifically note the date of the service of such
notice.   By this personal call or written or printed notice, the
taxpayer is secured the privilege of stating exactly what prop-
erty he has and its value.   When this call is made on the tax-
payer, and request made on him for his list, or, if he be absent,
the notice is left for him, within the period from June 1st to
January 1st  succeeding, then jurisdiction is obtained to assess
his property.   We use the word "jurisdiction," for want of a
more correct expression.   Strictly speaking, tax proceedings
are only quasi judicial, but, as they have the effect of judg-
ments, the word "jurisdiction" can readily be made applicable
to them.   As notice of strictly judicial proceedings is essen-
tial, so likewise it is made necessary in all enlightened systems
of just and equal taxation.   The similitude may well be con-
tinued by holding that, when the party is notified within the
time and according to law, the subsequent proceedings may be

irregular, and entitle a party to redress on appeal, but they are not void.

Tested by these rules, it must be held that when the assessor, Brokate, went in person, on June 9, 1894, to the residence of defendant, and left the printed notice and blank list requiring defendant to list his property, and defendant received that list on that day, the jurisdiction to assess attached. If, after receiving this blank list and notice, he failed to make out his own list, or refused peremptorily to do so, as is shown by his evidence, then the law authorized the assessor (section 7535) to make out the list on his own view, or "on the best information he could obtain." The plea of the constitutional provision that taxes shall be uniform will not avail a taxpayer who has been scrupulously accorded all the protection of the Constitution, and who expressly waives its protection, and seeks to violate its spirit, by casting upon his neighbors that portion of the burden which he should bear. His contention that, because the district collector did not itemize the various pieces and kinds of personal property, he had no jurisdiction to assess him on any sum whatever, is not sound. At most, it is only an irregularity,—an irregularity caused by defendant himself, and of which he will not be permitted to complain. By a simple compliance with a just and reasonable law, he could have avoided the very thing of which he complains. But this is not all. Defendant had another day in court, so to speak. Having been notified to make his list, and having refused absolutely to do so, the district assessor, upon his best information, assessed him, and the board of assessors doubled his valuation as a penalty, in pursuance of section 7536, R. S. 1889. By section 7572, it is provided that "every person who thinks himself aggrieved by the assessment of his property may appeal, and every appeal shall be in writing, and verified by affidavit and shall state specifically the grounds of the appeal and the matter or thing complained of, and no other matter shall be considered by the board." By

section 24, article V, of the scheme and charter of the city of St. Louis, a board of equalization is created to correspond with the board of equalization in the counties of the State. That board is required to meet annually on the third Monday in March, and remain in session four weeks. It is authorized and required to hear all appeals from assessments, and determine whether property has been assessed according to its cash value, and in just proportion to other property in the city. Defendant neglected to avail himself of this second opportunity to secure a just and equal assessment of his property. The mere mingling in one item all of the personal property of defendant was nothing more than an irregularity. In Gray v. Bowles, 74 Mo. 419, when the statute required a judgment for delinquent taxes to be rendered against each lot for its own taxes, but the judgment was rendered *in solido* for the total of all the taxes against two lots, it was held merely an irregularity, and not void. *A fortiori,* the mere mingling of personal property into one total is nothing more than an error which could have been corrected on appeal. The action of the assessor is quasi judicial, and when, as in this case, his jurisdiction attached by the due service of the notice and blanks, his valuation and assessment, unless appealed from, become conclusive upon the taxpayer. Ins. Co. v. Charles, 47 Mo. 462; Railroad v. Maguire, 49 Mo. 482; State ex rel. v. Hoyt, 123 Mo. 348; State ex rel. v. Seahorn, 139 Mo. loc. cit. 609; Cooley on Taxation (2 Ed.), 609-748.

III. The petition was sufficient. It averred the assessment of personal property to a special amount; the levy of specific taxes thereon by the duly constituted authorities; the effort of the collector to collect the taxes; his failure so to do, and the return thereof as delinquent; and the necessity for this suit for the said taxes, and incidental penalties, costs, and attorney's fees. It was not at all necessary for the pleader to set out the district assessor's valuation in each year, and then aver a doubling thereof. The assessment was not com-

plete until the president and board of assessors had considered it, and, when that board doubled each amount for failure to make his list, then, and not till then, did the assessment become complete. It was not essential to plead every step leading up to the final result. It was enough to state the ultimate legal fact, to wit, an assessment in a sum certain, and it was then subject to proof by the certified tax bills.

IV. As to the point that the act of 1897 required the suit for the city's taxes to be brought in the name of the city, and not by the State at the relation of the collector, it is sufficient to remark that section 2 of the act of March 24, 1897 (Laws 1897, p. 213), expressly provides that the remedy thereby provided "shall be cumulative and shall not in any manner impair other methods or provisions now existing or which may be hereafter provided for the collection of the same," to wit, city taxes. For the foregoing reasons the judgment of the circuit court is reversed, and the cause remanded, with directions to enter judgment for the plaintiff for the amount of the taxes certified, together with the interest, penalties, and costs.

SHERWOOD, BURGESS, ROBINSON, BRACE and MARSHALL, JJ., concur; VALLIANT, J., not sitting.