# C. M. SMITH BROTHERS LAND & INVESTMENT COMPANY v. MARTHA C. PHILLIPS and THOMAS MILAS PHILLIPS, Appellants.

### Division One, July 23, 1921.

1. **DOWER: Homestead: Re-marriage: Limitations.** Where the widow conveyed her interest in the homestead property and then married again, her right to dower accrued on her re-marriage, and the right of her grantee to maintain suit to have assigned and to recover dower is barred in ten years after her re-marriage, and. said grantee being barred her right to have her deed cancelled as fraudulent and to have dower assigned to her is likewise barred in ten years.

2. ————: ————: ————: **Ejectment: Equitable Defense.** The widow conveyed her "life interest" in the homestead property, and then re-married, and more than ten years thereafter her grantee brought ejectment to have dower assigned and admeasured and to recover the same. To this action she, being in possession and all the householder's children having reached their majority, filed a cross-bill, alleging that her deed, made nineteen years prior thereto, was void for fraud perpetrated upon her by the grantee, and asking that said deed be cancelled, and claiming that she was entitled to exclusive possession by virtue of her statutory quarantine. *Held,* that the court having adjudged that the action of her grantee to recover dower was barred by limitations, and that judgment being affirmed on appeal, that holding put the plaintiff out of the case, and it likewise settled the entire controversy, for the only use she could then make of a judgment annulling her deed would be to aid her in procuring an assignment of dower as against the children of her husband, and the pleadings make no such issue between her and them.

BROWN, C.—Two appeals were taken in this case and separately docketed for hearing in this court. The first of these, *ante* page 579, was taken by plaintiff, who sued in ejectment, from a judgment denying it the relief asked, and this is an appeal by the defendant Martha C. Phillips from the judgment dismissing a cross petition filed by her asking equitable relief against the plaintiff.

It asked no relief against her co-defendant, Thomas Milas Phillips, and no issue between the two defendants was presented by the pleadings.

We have held in a separate opinion considering the matters involved in the plaintiff's appeal, that it had no cause of action and affirmed the judgment of the circuit court to that effect, and will not reconsider any matter so determined in passing upon the single question presented by this appeal, namely, the right of the appellant to the affirmative relief sought by her in her cross petition. In all other respects the holdings of the court as expressed in that opinion are equally conclusive as to all the parties to these appeals.

The suit is plain ejectment, and the petition is in the conventional form, charging both defendants alike with possession of the premises. At the trial plaintiff claimed through a conveyance executed by this appellant April 8, 1898, to the Smith brothers, its predecessors in title, conveying her "life interest" in the eighty acres of land in question as the widow of James J. Phillips, who died intestate in 1895 while domiciled upon the land with his wife and their minor children. The appellant having remarried August 8, 1903, and no dower having been assigned, the plaintiff claimed all right to the possession which appellant, but for her conveyance, would have had as doweress by virtue of her statutory quarantine, and not otherwise. We held, in considering the plaintiff's appeal, that more than ten years having elapsed after the death of appellant's husband and her remarriage on August 8, 1903, and the institution of this suit, the plaintiff was barred of recovery upon that title by the terms of the special Statute of Limitations relating to the recovery of dower.

This holding put the plaintiff out of the case. It was founded upon the theory that appellant's conveyance was valid and sufficient to transfer all her interest as doweress which might spring from her subsequent remarriage, and that those interests had become forfeited by its inaction.

The appellant, by her cross action now under consideration, undertakes to present a theory not involved in the plaintiff's appeal. She asserts, with much force and detail, that her conveyance to Smith brothers through whom plaintiff claims, was void for fraud perpetrated upon her by the grantees in its procurement, and that she, having been in possession adverse to plaintiff's claim through her deed, was not barred by the Statute of Limitations from presenting it as a defense when that possession should be attacked. In other words she contends, as we understand, that the deed being void for fraud she was not bound to act upon the presumption that the holders intended to enforce it, but might rest upon the assurance of their honest recognition, by inaction, of her right. Without questioning the general rule that matters barred by the Statute of Limitation as ground of recovery may nevertheless be used as weapons of defense in proper cases, we will consider it with reference to the facts before us.

When appellant made the deed to Smith brothers in 1898 she occupied the land with her six minor children as the homestead left her by her deceased husband. She immediately surrendered its possession to Smith brothers, the purchasers, and moved with her children to a farm which they provided for her occupation. On August 21, 1899, after qualifying as guardian of her children, she brought suit in ejectment in their name against the tenant of Smith brothers to recover possession of the homestead, and on the 24th of the same month she sued Smith brothers in equity to set aside her deed to them for fraud. The last-mentioned suit was dismissed by her at the first term, while the ejectment suit was prosecuted to final judgment, which was affirmed by this court on February 18, 1903 (Phillips v. Presson, 172 Mo. 24), and she took possession under the judgment for her children, the youngest of whom attained her majority about the beginning of the year 1914.

The fact that she instituted the ejectment suit for her children without joining herself as a plaintiff can only be explained as a clear admission that her right to possession with them under the Homestead Act had passed by her deed to the Smith brothers. Her suit to cancel that deed, instituted three days afterward, although indicating a disposition to reinstate herself in her homestead right for the same fraud which she now pleads, her prompt dismissal of that suit indicates a deliberate purpose to abandon the position that her deed was invalid for fraud perpetrated upon her by the grantees, and stand upon the right of her children alone. Her final recovery in the Presson Case was in right of her children alone, and we find nothing in this record indicating that she changed her position in that respect by denial of the validity of her deed to Smith brothers or otherwise, until the filing of her amended answer in this suit, or that she had asked or received from her children, the inheritors of the fee, any assigment of, compensation for, or other recognition of her dower. She is as clearly barred of her action therefor under the special limitation of ten years as was the plaintiff claiming through Smith brothers, her grantees.

The plaintiff being out of the case, the only use this appellant could make of her cross bill would be to aid her in procuring an assignment of her dower as against her co-defendant, Thomas Milas Phillips. She asks no remedy against him, and the pleadings make no issue whatever between them. She only asks a useless judgment against the plaintiff.

The subject-matter of this suit being confined to the title of the parties to the particular tract of land in suit, the plaintiff having been defeated by the judgment of the circuit court to the effect that it has no possessory right whatever in or to the premises, and no issue being raised by the pleadings as between the defendants, we can see no reason why that judgment does not settle the entire controversy.

The nineteen-year-old cause of action presented by the cross petition of this appellant having been unnecessary to her complete defense she was not prejudiced by the general finding of the court against her on the issue so presented. Although it appears that the deed involved in this part of the controversy purported to convey some interest in other lands, such lands were in no way involved in this suit, nor are they described in the pleadings. No claim is made that the grantees in the deed and their successors, if any, have not been in undisturbed possession of such lands from the date of its execution in 1898.

The judgment seems to afford appellant all the relief to which she is entitled upon the pleadings, and we see no reason for disturbing it to let in a new trial in her favor which, so far as her appeal shows, cannot add to the relief already granted her.

The finding and judgment of the circuit court upon her cross petition is therefore affirmed. *Ragland* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All of the judges concur.