## C. M. SMITH BROTHERS LAND & INVESTMENT COMPANY, Appellant, v. MARTHA C. PHILLIPS et al.

### Division One, July 23, 1921.

1. **HOMESTEAD: Greater Than Dower: Conveyance: Re-marriage: Assignment.** Where the homestead was worth less than the statutory value and was all the land in which the widow was entitled to dower and she conveyed her "life interest" therein, her grantee became clothed with all her interest in the homestead, and of her alternate right to dower when she re-married, and of her right to quarantine until dower is assigned; and upon her re-marriage and the consequent extinguishment of her homestead, her rights of dower and quarantine remained unaffected, and her grantee may have dower assigned to him; but her homestead became extinguished upon her re-marriage, and the special statute of limitations began to run from that date, and her grantee must bring suit for the recovery of her dower within ten years or be barred.

2. ————: **Duration as to Minors: Re-marriage of Widow.** Under the Homestead Act of 1895 the homestead estate of minor children is limited to the joint right of occupancy with the widow, and at her death or re-marriage it passes to them by descent as if no homestead law existed.

3. ———: ———: ———: **Limitations.** The right of the widow to dower being assignable, and her homestead right being extinguished by her re-marriage, and the right to have dower assigned reviving upon the extinguishment of her homestead right, and the homestead estate of the minor children being limited to the joint right of occupancy with the widow, they are in possession after her re-marriage by right of inheritance from their father and not under the Homestead Act, and it is upon the date of her re-marriage that the right accrues to her or her assignee to have her dower admeasured and assigned, and the grantee in her deed, made after her husband's death and before her re-marriage, must bring his suit to have assigned and to recover her dower within ten years after her re-marriage, under the statute (Sec. 391, R. S. 1909) which declares that "all actions for the recovery of dower in real estate, which shall not be commenced within ten years after the death of the husband, through or under whom such dower is claimed or demanded, shall be forever barred."

4. ———: Assignment of Dower: **Limitations.** Where the homestead is all the real estate of which the husband died seized and does not exceed the statutory value or quantity, it is unnecessary to appoint commissioners to assign dower to his widow; but her deed conveys her dower and her re-marriage extinguishes her homestead right, and the right of her grantee to have her dower admeasured to him accrues on the date of her re-marriage, and becomes extinct in ten years thereafter.

5. ———: ———: ———: **Quarantine: Limitations.** The widow's quarantine, which is her right to remain in and enjoy the mansion house and the messuages and plantation thereto belonging, is an incident to the right to have dower assigned, and when that right ceases quarantine also ceases, and where her grantee is barred by limitations to recover her dower he is also barred to recover any supposed quarantine right.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*R. L. Ward* and *Russell & Joslyn* for plaintiffs.

(1) Immediately upon the death of James J. Phillips on the 24th day of November, 1895, the land in controversy, which did not exceed in value the sum of fifteen hundred dollars, passed to and vested in his widow, Martha C. Phillips, and his children, Ollie, Florence, James, Thomas Milas, and Jessie, who was yet unborn,

and continued for their benefit until the youngest child attained its legal majority, and until the death of said widow, with the joint right of occupation until the children attained their majority and until the death or remarriage of the widow. Laws 1895, p. 186. (2) Under said law, the probate court having jurisdiction of the estate of the deceased housekeeper, was required, when necessary, to appoint three commissioners to set out such homestead to the person or persons entitled thereto. The commissioners appointed to set out such homestead were required, in cases where the right of dower existed, to set off such dower, but they were required first to set out the homestead, and if the interest of the widow in such homestead equal or exceed a one-third interest for and during her natural life in and to all of the real estate of which such housekeeper or head of the family shall have died seized, no dower could be assigned to such widow. The land in controversy being all which the deceased housekeeper owned at the time of his death, the widow's life estate or interest in the homestead was more than her dower. R. S. 1889; sec. 5440. (3) On the death of her husband, Martha C. Phillips became invested with three cognate rights in and to the premises: quarantine, dower and homestead. Phillips v. Presson, 172 Mo. 27. (4) The right of quarantine is a possessory right on which an action of ejectment may be maintained; is assignable and carries with it all the incidents which belong to it prior to the transfer. Stokes v. McAllister, 2 Mo. 163; Jones v. Manley, 58 Mo. 559; State v. Moore, 61 Mo. 276; Brown v. Moore, 74 Mo. 633; Gentry v. Gentry, 122 Mo. 202; Fisher v. Siekman, 125 Mo. 165; Carey v. West, 139 Mo. 146; Phillips v. Presson, 172 Mo. 27; R. S. 1889, sec. 4514; R. S. 1919, sec. 316; Young v. Thrasher, 115 Mo. 222. (5) The remarriage of Martha C. Phillips on the 8th day of August, 1903, did not extinguish her dower and quarantine rights. Chrisman v. Linderman, 202 Mo. 605; Westmeyer v. Gallenkamp, 154 Mo. 28. (6) Neither Martha C. Phillips nor her subsequent grantees could hold possession

under the quarantine statute nor have dower assigned, or set-off as a separate entity from the homestead. Phillips v. Presson, 172 Mo. 27; Chrisman v. Linderman, 202 Mo. 621. (7) The homestead statute and the dower statute are not antagonistic to each other, but must be construed together. No provision in either should perish by construction, unless there is no reasonable escape from such construction. Chrisman v. Linderman, 202 Mo. 621. (8) The Smiths, plaintiff's grantors, commenced their action on the 4th day of October, 1899, to assert their rights under the quarantine law when they filed their answer in the ejectment suit instituted by Martha C. Phillips, on behalf of her minor children, to recover possession of the premises in controversy. This was the commencement of an action for the recovery of dower or any interest therein with the meaning of Sec. 391, R. S. 1909, Phillips v. Presson, 172 Mo. 24. (9) Dower in the land in controversy and all the rights incident thereto were covered up or merged, as it were, in the homestead, and could not be enforced by any action known to the law until after the expiration of the homestead estate. Chrisman v. Linderman, 202 Mo. 621. (10) The defendants, Martha C. Phillips and Thomas Milas Phillips, were estopped from pleading the ten-year Statute of Limitations after they instituted their suit in ejectment and recovered possession of the premises in controversy. McFarland v. McFarland, 211 S. W. 23. (11) The right of Martha C. Phillips to have her deed to the Smith brothers set aside on the ground of fraud was barred by the Statute of Limitations long prior to the date of the institution of this suit. R. S. 1919, sec. 1305; Turnmeyer v. Claybrook, 204 S. W. 178.

*Haw & Brown* for defendants.

(1) In so far as the replies of appellant to the separate answers of respondents apply to the plea that plaintiff's cause of action is barred, said replies merely deny "each and every allegation, averment and statement of new matter" in said answers contained. Such

denials amount to nothing more than a confession of the matter alleged in the answer and do not present any issues to be decided. R. S. 1919, secs. 1232, 1235, 1237 and 1256; Holt v. Hanley, 245 Mo. 359; Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 279; Boles v. Bennington, 136 Mo. 522; Young v. Schofield, 132 Mo. 650, 661; Snyder v. Free, 114 Mo. 360, 367; Brickell v. Williams, 180 Mo. App. 572; Betz v. Telephone Co., 121 Mo. App. 473. (2) The right of dower is older than that of homestead, the latter being strictly of American origin while the origin of the former is of such antiquity that is is involved in much doubt and obscurity. 21 Cyc. 459, note 5; 19 C. J. 458, sec. 4 and 5. Dower is an institution of the State; is held sacred and has been strongly fortified against invasion; is a legal, and equitable, and a moral right favored in a high degree by law. Courts are vigilant and astute in preserving dower, and it was therefore subject to award in 1903 when the widow lost her homestead by marriage. 19 C. J. 400, sec. 10; Jordan v. Rudluff, 264 Mo. 129; Donaldson v. Donaldson, 249 Mo. 228, 245; Holt v. Hanley, 245 Mo. 352, 361; Chrisman v. Linderman, 202 Mo. 605, 613-622. Even when the interest of the widow in the homestead is greater than dower, the latter is not extinguished by, nor merged in homestead; but, while the widow is entitled to both, the right to have dower assigned and to enjoy it separate from the homestead does not exist. As soon, however, as homestead is lost by marriage there arises a reason for having dower assigned, and the right to do so reappears—"suspended during widowhood it revives again in re-marriage." Jordan v. Rudluff, 264 Mo. 129, 137; Chrisman v. Linderman, 202 Mo. 605, 619-624. The right, therefore, to have dower assigned in this case, revived, at the latest, when the widow of J. J. Phillips married William Taylor, in 1903, and as the petition in this cause was not filed until August 16, 1917, the action is barred by the dower Statute of Limitations. R. S. 1919, sec. 359; R. S. 1889, sec. 4558; Edmonds v. Scharff, 213 S. W. 823; McFar-

land v. McFarland, 211 S. W. 23; Belfast Inv. Co. v. Curry, 264 Mo. 483, 494. (3) While the authorities cited by appellant in its brief do seem to hold that ejectment may be maintained to recover possession of the mansion house, etc., under the right of quarantine, yet none of the cases cited considered the provisions of the dower statutes in reaching that conclusion. Until the assignment of dower the widow has no right under her claim of dower to enter and occupy any portion of her husband's estate unless such right is given by statute. At common law the right of quarantine was the right to remain in the mansion house for forty days after the husband's death during which time dower was to be assigned to her. 19 C. J. pp. 531 and 532, sec. 205. Statutes changing the common law are not to be understood as affecting any change in the law beyond that which is expressed or necessarily implied from the language used. 36 Cyc. 1145 (b). By the dower statutes in force at the time of the death of J. J. Phillips the Legislature seems to have intended to extend the time during which the widow might enjoy the mansion house and messuages thereto belonging to two years and to require that at the end of that time, if not before, her dower should be assigned and set-off. R. S. 1889, secs. 4533, 4534, 4536-4542. (4) Appellant did not plead estoppel and cannot, therefore, avail itself thereof. Taylor v. Edmonston, 210 Mo. 411, 428; Golden v. Tyer, 180 Mo. 196, 204; Casler v. Gray, 159 Mo. 588, 595. This case contains none of the elements of estoppel. Gentry v. Gentry, 122 Mo. 202, 221. It is the policy of the law to guard against estoppels, because estoppels may exclude the truth. Osburn v. Court of Honor, 152 Mo. App. 652, 661.

BROWN, C.—Ejectment to recover eighty acres of land in Mississippi County described as the east half of the northwest quarter of Section Nine, Township Twenty-five of Range Fifteen. The defendants are Martha C. Phillips and Thomas Milas Phillips. The common source of title is James J. Phillips, who died in-

testate, seized of the land, while occupying it as his home with his family, consisting of the defendant Martha C., his wife, and five minor children, of whom her co-defendant is one. Another child was born shortly after his death. The plaintiff claims through a deed dated April 8, 1898, and recorded the next day, whereby Mrs. Phillips conveyed what she designated as her life interest in the land in controversy, together with an undivided one-eleventh interest in two hundred additional acres, to James E. Smith, William R. Smith and Charles M. Smith, the organizers and stockholders of the plaintiff corporation, to which they afterward conveyed it. The consideration named in this deed was $2,000. It is admitted that the land in controversy was not worth more than $1,500 at the time of the death of James J. Phillips.

The defendants filed separate answers, both denying generally the allegations of the petition, and pleading the general Statutes of Limitations of ten years. Thomas Milas also pleaded the special Statute of Limitations of ten years with reference to proceedings for the recovery of dower. Martha C. denied this, and pleaded that the deed of April 8, 1898, under which plaintiff claims, was obtained from her by fraud on the part of the grantees, and asked that it be cancelled and set aside. The new matter in both answers was denied by replication. Reply to the answer of Martha C. also pleaded the Statute of Limitations to the equitable relief asked by her.

The defendant Martha C. Phillips was married to one Taylor August 8, 1903. They continued to live together as husband and wife until April 5 1907, when she obtained a divorce from him. Jessie, the youngest child of James J. and Martha C. Phillips, was the last to reach her majority, which occurred in 1914.

The three Smith brothers entered upon the land under their deed from Martha, and the plaintiff corporation, under its deed from them, continued in possession. On August 21, 1899, Martha C., the widow, being duly qualified as guardian of her children, brought ejectment in their name against the Smith Brothers and one Pres-

son, their tenant, and recovered judgment therein, which was affirmed by this court. [Phillips v. Presson, 172 Mo. 241.] She immediately entered with her children under the judgment, and she and her son and co-defendant Thomas Milas Phillips have remained on the land ever since.

No dower has ever been admeasured or assigned to Mrs. Phillips or to any person representing her dower estate; nor has any proceeding been had to set off the homestead to the widow or children, unless that was the effect of the ejectment determined in this court in 1902.

On August 24, 1899, Mrs. Phillips brought suit in equity to cancel her deed to the Smith Brothers, which was dismissed at the following October term.

The judgment was for the defendants on the ejectment issue, from which the plaintiff has prosecuted this appeal. The court also, by the same judgment, found the issue tendered by the cross petition of Mrs. Phillips for the plaintiff, and refused the equitable relief asked, from which she has appealed.

These appeals have been separately docketed and argued in this court and are therefore separately considered.

I.  The only question arising upon this appeal is whether by the deed of Mrs. Phillips to the Smith brothers, dated August 8, 1898, and their deed to the plaintiff corporation, the latter had, on August 16, 1917, the date of the beginning of this action, any possessory interest in the land, which it might recover thereby. The converse of the same proposition is whether, but for that conveyance, Mrs. Phillips, the grantor, would now have any possessory interest in the land recoverable in any form of action she might bring.

The land was the homestead of her deceased husband. In 1895 she and her six children were, by his death, left on the land, and it was then their family homestead. By virtue of this statute a freehold estate to the whole immediately vested in her under the Home-

stead Act of 1895 (R. S. 1899, sec. 3620) subject to be
feated by her re-marriage, and also subject to the
"joint right of occupation" by the children during their
minority. This being the only land of which he died
seized, and not exceeding in value the sum of fifteen
hundred dollars, the homestead estate vested in herself
and children included all the dower to which she could in
any possible event be entitled unless she should re-marry.
In that event her interest in the homestead would cease
by the terms of the act which created it.

The appellant's sole claim of title is founded upon
the deed from the widow made in April, 1898, purporting
to convey her life interest. We will assume that through
this deed it became clothed with all her interest in the
homestead, and her alternative right of dower should she
re-marry, and also, in that event, her right to quarantine
until dower should be admeasured and assigned to her.
[Chrisman v. Linderman, 202 Mo. 605.] This deed gave,
so far as she was concerned, an immediate possessory
right jointly with her children, and immediately upon its
execution the grantees made an arrangement with her by
which she not only vacated the homestead herself, but
took her children with her to a farm in New Madrid
County owned by the grantees, who entered upon the
homestead themselves, and remained in exclusive posses-
sion thereof by themselves, their grantee the plaintiff cor-
poration, and its tenant until ousted by the children in
pursuance of the judgment of this court in Phillips v.
Presson, 172 Mo. 24. It thus happened that on August
8, 1903, while the minor children were, by their mother
duly qualified as their guardian, in possession, the home-
stead title was extinguished by the marriage of Mrs.
Phillips. The question thus presented is whether this
plaintiff, upon the title acquired through the deed of Mrs.
Phillips to the Smith brothers, being out of possession,
are now entitled to recover the possession of the land or
any interest therein in this suit. It does not claim the
homestead interest vested in Mrs. Phillips by the death
of her husband, but plants itself upon the proposition
that by her re-marriage in 1903 she would, but for her

conveyance to the Smith brothers, have become seized of
the right to have dower assigned to her and that this
right was vested in plaintiff through her deed. That the
right of the widow to dower is assignable by deed after
the death of the husband is the settled law of this State.
[Chrisman v. Linderman, supra; Jordan v. Rudluff, 264
Mo. 129.]

In these cases it was held, in substance, that notwith-
standing the fact that by the provisions of the Homestead
Act of 1895 the widow might forfeit her homestead by re-
marriage, her rights of quarantine and dower remained
unaffected by the intervention of the homestead estate.
In the Jordan Case we held that the assignment of the
homestead under the Act of 1895 "carried with it the
primary right of possession, so that if the homestead
exceeded in extent the amount of land to which she would
be entitled as dower in the absence of a homestead right,
nothing was left to be assigned as dower unless and until
a subsequent marriage should divest her homestead es-
tate with its right to the possession of the whole" (p.
137). In that case the heirs had, after the death of the
husband and before the re-marriage of the widow, brought
a suit in partition to which she was made a party, and in
which the homestead was assigned to her to an extent
greater than the amount to which, upon her sub-
sequent re-marriage, she was entitled as dower. After
her re-marriage the heirs, who were children and grand-
children of the deceased husband, entered upon the home-
stead, deforcing her, as she alleged, of her dower, and
the action then before us was instituted to recover it out
of the land included in the homestead and to have dam-
ages for the deforcement. In sustaining her right to the
remedy, we also held that as a party to the partition she
had been entitled to have her interest ascertained and
declared by the court the same as would any other party
to the proceeding having a contingent interest that might
at sometime develop into a possessory right, and her
homestead having been already set out in the partition
suit and adjudicated to be greater in extent than her
dower she was entitled by statute to recover it when de-

forced by the wrongful entry of the heirs upon the entire homestead tract. The case involved a more or less critical examination of these statutes and we find no reason to modify the rule we then applied, and therefore reaffirm it in so far as it may have any application to the facts of this case. Although this suit is ejectment for the recovery of the homestead, which includes all the lands of which the husband and ancestor died seized and out of which any dower might be demanded, we will, for the purpose of getting to the merits of the real controversy, treat it as involving the right of the plaintiff, as assignee of the "life interest" of the widow, to have her dower in any form of action available to it for that purpose. For that reason we will refer to some features of our statutes relating to homestead and dower which were not necessarily involved in the questions before us in the Jordan Case.

II.   The law relating to the transmission of the homestead of a deceased housekeeper or head of a family for a long time previous to 1895 was embodied in Section 5439, Revised Statutes 1889, as follows:

"If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead to the value aforesaid shall pass to and vest in such widow or children, or if there be both, to such widow and children, and shall continue for their benefit without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, until the youngest child shall attain its legal majority, and until the death of such widow; and such homestead shall, upon the death of such housekeeper or head of a family, be limited to that period."

*Statute of 1889.*

The most striking feature of this section lies in its indefiniteness as to the estate of the children of an intestate homesteader succeeding the death of the widow who naturally becomes the head of the family by his death. In the absence of statutory provisions on that subject the children, irrespective of their age, would take the entire

inheritable estate upon the death of their ancestor, subject to the widow's dower, which would be extinguished by her death. Should the statute be so construed as to preserve the entire homestead estate to the last minor until he should attain his majority and the widow should die during his minority, his guardian would constitute the head of the family of which he would be the sole member. It is unnecessary to demonstrate the complications which might arise in the application of such rule, otherwise than to note that it attracted the attention of the General Assembly, which in 1895 amended the section by defining the nature and duration of the estate of the minor children by the addition of the following clause which we italicise to suit our purpose: "that is to say, the children shall have the *joint* right of occupation *with the widow* until they shall arrive respectively at their majority, and the widow shall have the right to occupy such homestead during her life or widowhood, and upon *her* death or remarriage it shall pass to the *heirs of the husband.*"

Acts of 1895.

This amendment was not an inadvertence, but exhibits a deliberate purpose, in well chosen words, to limit the estate of minor children to the joint right of occupation with the widow who has become the natural head of the family, and at her death or re-marriage to pass it by descent as if no homestead law existed.

By the operation of this amendment the homestead estate was extinguished by the remarriage of the widow in 1903 and the six children, or their assigns, were clothed with the entire estate of their ancestor, subject to the dower estate of his erstwhile widow held by plaintiff through the conveyance from her to the Smith brothers, whose right, as well as the right of the plaintiff corporation, is only co-extensive with hers. The question is whether the plaintiff in that capacity may maintain a suit for the recovery of her dower in the premises, notwithstanding the provisions of Section 391, Revised Statutes 1909, which was in force at the time of the death of the owner, which is the event upon which the claims of

both parties is founded. The section last cited is as follows: ''All actions for the recovery of dower in real estate, which shall not be commenced within ten years from the death of the husband through or under whom such dower is claimed or demanded, shall be forever barred.''

III. In the recent case of McFarland v. McFarland, 278 Mo. 1, l. c. 12, we said that this statute ''exhibits the intention to limit the quarantine of the widow to ten years and such further time as is necessary to perfect the judicial assignment of her dower, and also to put an end to the uncertainty which hangs over every title in which a deed appears which does not contain a release of dower.'' This evident intention affords valuable aid in its application to the facts of each particular· case involving its application. Since its ·en-enactment in 1887, legislative changes have been made affecting the recovery of dower which present questions not within the contemplation of the Legislature at that time, and it may become the duty of the court to determine whether they come within the reason or the enactment and call for its remedial application.

*Limitations.*

The section quoted requires actions for the recovery of dower to be commenced within ten years *after the death of the husband under whom it is claimed.* After its enactment, and in 1895, another act was passed by which the widow who remarried after the death of the husband under whom she claimed and enjoyed a homestead forfeited it, and was remitted to her action for dower in the same premises. This leads us necessarily to inquire as to the effect, if any, of the special limitation imposed by the Act of 1887 as finally incorporated, with amendment, in Section 4558, Revised Statutes 1889, upon the recovery of dower by the widow in such a case.

In Investment Co. v. Curry, 264 Mo. 483, this court held directly that Section 4558 of the Revision of 1889 repealed all the saving provisions of the Act of 1887 by dropping them from the revised act, so that the disability of coverture was no longer an excuse for the failure

of the doweress to commence her action for the recovery of her dower within ten years from the death of her husband as required by said Section 4558. That case simply held that the disabilities enumerated in the general statute of limitation did not apply to the special limitation imposed by this section upon actions for the recovery of dower.

In Jordan v. Rudluff, supra, reported in the same volume, we held with equal distinctness that the possession of the homestead by the widow and minor children under the provisions of the Act of 1895, was equivalent to the enjoyment by the widow of her dower in the lands of her husband where the homestead exceeded in extent the dower to which she would have been entitled but for the existence of the homestead right. This decision proceeded upon the principle that upon the extinguishment of the homestead by the marriage of the widow her right arose to have her dower in all the lands assigned out of the lands which she had theretofore possessed by her right of homestead, the entire homestead, subject to her dower, having descended to the heirs under the provisions of the Act of 1895. It was upon *her* death or remarriage that the act devolved the title upon the heirs of the husband. [Laws 1895, p. 186.] The entire title and possession became as if no homestead law had ever existed. It consisted of the right of dower consummate in the widow, and the estate of inheritance cast upon the children by the death of their father.

This subject was before us in McFarland v. McFarland, supra. In that case the widow upon the death of the husband made an arrangement with the heirs by which the lands of the deceased husband were to be held and managed for the benefit of all, she receiving one-third of the value of the rents and profits annually. This arrangement was carried out for ten years, at the end of which the heirs refused to recognize her right under the agreement by paying her the agreed share of the rentals. We held that the heirs were estopped from

repudiating the agreement for the purpose of availing themselves of this same special statute of limitations, and that for that purpose the arrangement amounted to a voluntary assignment of dower under which the widow had enjoyed her statutory right, and that the repudiation of the agreement constituted such deforcement of her dower as entitled her to bring her action, notwithstanding that more than ten years had elapsed since the death of the husband through whom she claimed it.

We hold upon the authority of these cases construing the Act of 1895 from which we have quoted, that the homestead created and vested in the widow and minor children of the deceased Phillips ceased as to all of them upon the re-marriage of the widow; that thereupon and thereafter the children were in possession by right of inheritance from their father and not under the Homestead Act, and that the right then accrued to the widow or her assignee to sue for and have her dower in the same lands admeasured and assigned to her. It only remains to determine whether the plaintiff as such assignee has lost this right by lapse of time under the provisions of this or any other statute of limitations of this State.

IV.   Section 5439, Revised Statutes 1889, from which we have already quoted, provides that the probate court should, when necessary, appoint three commissioners to set out the homestead of the deceased householder or head of a family, and the next section **Assignment of Dower.** required that the commissioners should first set out the homestead and from the residue of the real estate of the deceased set out the dower, which should be diminished by the value of the interest of the widow in the homestead, and that if such interest should equal or exceed her dower no dower should be assigned to the widow. The homestead being all the real estate of which Mr. Phillips died seized, and it being admitted that it did not exceed in value fifteen hundred dollars, it was

unnecessary to appoint commissioners, and no dower was assigned. The homestead having been extinguished by her remarriage on the 8th day of August, 1903, her right to dower from the same lands then accrued against the heirs, whose title by inheritance had become complete subject to such dower, to plaintiff through the widow's deed to the Smith brothers dated April 8, 1898. This suit was instituted on August 18, 1917, more than fourteen years after the homestead title of the widow and minor children became extinct, and twenty-odd years after the death of the husband.

V. In this State the right of quarantine depends upon the provisions of Section 4533, Revised Statutes 1889, which provides that "until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same." This is an incident to the right to have dower assigned and when that right ceases the right to quarantine also disappears. Were it otherwise the failure of the doweress to institute a proceeding for the recovery of her dower within the time limited would have the effect to give her the right of possession of the mansion house and messuages or plantation thereto belonging in perpetuity. The question is whether the right to sue for dower is barred by the Statute of Limitation of ten years, and of that there can be no doubt.

It follows that the judgment of the Circuit Court for Mississippi County denying the plaintiff the relief asked in its petition is right, and it is therefore affirmed. *Ragland* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All of the judges concur; *James T. Blair, J.,* in the result.