MAUDE STANTON ET AL., Appellants, v. INEZ LEONARD ET AL.—130 S. W. (2d) 487.

Division One, July 7, 1939.

*Sterling P. Reynolds* for appellants.

*William C. Cole* for respondents.

DALTON, C.—This is a suit to quiet title to forty (40) acres of land in Buchanan County. The common source of title is Levi M. Reynolds, who died intestate, seized of the land, while occupying it with his wife as homestead property. The plaintiffs are two children by a first marriage. Defendant Inez Leonard is a child by his last marriage. Defendant Katie Reynolds is his widow. Plaintiffs claim each child has a one-third interest in the real estate, subject to the homestead of the widow. Defendants claim that plaintiffs and defendants each own one-fourth interest in fee, subject to the homestead of the widow. By answer defendants sought to have the title quieted and determined according to their contention.

The cause was tried on an agreed statement of facts, and the court found the interests of the parties in accordance with defendants' contention. Plaintiffs have appealed.

This is an action at law, but since the cause was tried upon an agreed statement of facts, the decision of the trial court, if wrong, is error of law which may be reviewed and this court can "administer the true law" by affirming or reversing the judgment rendered. [Eckle v. Ryland, 256 Mo. 424, 438, 165 S. W. 1035; State ex rel. Wenneker v. Cummings, 151 Mo. 49, 57, 52 S. W. 29; Cox v. Sloan, 158 Mo. 411, 429, 57 S. W. 1052; Kronenberger v. Hoffner, 44 Mo. 185, 191.]

It is conceded by all parties, by both pleadings and evidence that defendant Katie Reynolds, as widow of Levi W. Reynolds, deceased, has a homestead in the said real estate. The sole question for decision is whether or not, by filing an election to take a child's part in the real estate of her deceased husband, the said widow took a child's share in fee in the said real estate, subject to her said homestead rights. If she did, then she and the children each have an undivided one-fourth (¼) interest in fee, subject to the said homestead rights.

It was admitted by the agreed statement of facts that Levi W. Reynolds, was the common source of title; that Reynolds and his wife for more than forty years had occupied the land as homestead property; that its area was less than 160 acres and its value less than $1500; that the deceased, at the time of his death on August 17, 1935, owned no other real estate; that Katie Reynolds was his widow and plaintiffs and defendant Inez Leonard, all adults, were his children and only heirs; that he died intestate; that letters of administration

were issued August 19, 1935; that the widow's election to take a child's part in the real estate of her deceased husband was duly and regularly made, and properly and timely filed, as required by statute.

The homestead of a housekeeper or head of a family, is defined as "consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the amount and value herein limited, which is or shall be used by such housekeeper or head of a family as such homestead . . . together with the rents, issues and products thereof." [Sec. 608, R. S. 1929 (Mo. Stat. Ann., sec. 608, p. 4221).] A homestead is referred to as a "purely statutory estate." [Dennis v. Gorman, 289 Mo. 1. 9, 233 S. W. 50; Chrisman v. Linderman, 202 Mo. 618, 100 S. W. 1090.]

Section 612, Revised Statutes 1929 (Mo. Stat. Ann., sec. 612, p. 4227), as applicable to the facts here, provides that: "If any such housekeeper or head of a family shall die and leave surviving him a widow . . ., his homestead, . . . shall pass to and vest in such widow . . . until the remarriage or death of such widow; . . . and the widow shall have the right to occupy such homestead during her life or widowhood, and upon her remarriage or death it shall pass to the heirs of the husband, . . ."

Section 328, Revised Statutes 1929 (Mo. Stat. Ann., sec. 328, p. 215) provides: "When the husband shall die, leaving a child or children or other descendants, the widow, if she has a child or children by such husband living, may, in lieu of dower . . . elect to be endowed absolutely in a share of such lands equal to the share of a child of such deceased husband . . . subject to the payment of her husband's debts."

The question therefore arises whether or not these provisions of the statutes are mutually exclusive or whether both may apply to the same land at the same time so that the widow may have both homestead and also "election dower" subject to homestead, in the same property.

The statute authorizing the appointment, by the Probate Court of Commissioners to set out homestead, to the persons entitled thereto, provides: "The commissioners appointed to set out such homestead shall, in cases where the right of dower also exists, also set out such dower, . . . and if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such housekeeper or head of the family shall have died seized, no dower shall be assigned to such widow." [Sec. 614, R. S. 1929 (Mo. Stat. Ann., sec. 614, p. 4234).]

With reference to the above section the opinion of Judge LAMM in the case of Chrisman v. Linderman, supra, at page 621, states: "In our opinion all the statute means is this: given a homestead greater in extent than common-law dower, then the courts shall remain passive and refuse to assign, that is, admeasure and mark off the

dower interest while the homestead exists in the widow. To mark out dower in the homestead in such case would be a vain and useless thing. Albeit, the dower right is left, but left latent merely—covered up, as it were, and its assignment cannot be enforced in the homestead while the widow's homestead exists. . . ."

■ Appellant seems to rely on that part of Section 612, supra, which provides: ". . . The widow shall have the right to occupy such homestead during her life or widowhood, and upon her remarriage or death *it shall pass to the heirs of the husband.*" Appellant contends that under said section the widow took the property as homestead property and the three adult children took one-third interest each in fee, subject to the homestead of the said widow; and that the said interests of the children could not be affected by any election of the widow to take a child's part, because the widow was not entitled to "election dower" when the only property is her homestead property. · Appellants rely on Dennis v. Gorman, 289 Mo. 1, 13, 233 S. W. 50; Smith v. Phillips, 289 Mo. 579, 586, 233 S. W. 413; Libby v. Boward, 288 Mo. 148, 231 S. W. 600; Moore v. Mansfield (Mo.), 286 S. W. 353; Smith Bros. Land & Inv. Co. v. Phillips, 289 Mo. 595, 233 S. W. 418. We hold that said cases do not rule the facts in the case at bar. The statutes providing for "election dower" are not inconsistent with the statutes providing for homestead, and said sections should be construed together.

In the case of Chrisman v. Linderman, supra, page 621, this court said: "The Homestead Statute and the Dower Statute are not antagonistic to each other, but they must be construed together. No provision in either should perish by construction unless there is no reasonable escape from such construction. It the case at bar the provisions of the Dower and Homestead Statutes pertinent to the issues may be construed harmoniously with each other, and we adopt the construction that dower · continues· to exist in the homestead, but the widow's right to its assignments was suspended during the existence of a homestead estate entirely overlapping it."

In the case of Adams v. Adams, 183 Mo. 396, 82 S. W. 66, the court held that where a widow had elected to take a one-half interest in the estate of her deceased husband absolutely, subject to his debts, that she was entitled in addition to take and hold a homestead in the remaining half of her husband's said real estate. In effect it was held that the above section (now Sec. 614, R. S. 1929) applied solely to dower and not to the estate which the widow might elect to take "in lieu of dower," which estate is ordinarily referred to as "election dower."

■ We therefore hold that, under the facts in this case, where the widow has elected to take a child's part in lieu of dower, she may take and hold such child's part and also retain her homestead rights

in full in and to the said property. [McFadin v. Board, 188 Mo. 688, 87 S. W. 948; Adams v. Adams, supra.]

Under the facts in this case it is immaterial whether the homestead rights of the widow exceed the value of a one-third interest for life in the lands belonging to the said deceased husband. The widow having elected to take a child's part, took the same fee simple interest in said lands, as that of a child, subject to her homestead, even though all of said real estate was homestead property. [Quail v. Lomas, 200 Mo. 674, 684, 98 S. W. 617, 619.]

The judgment is affirmed. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur, except *Hays, P. J.,* absent.